M. F. S. LAND COMPANY, *Appellant*, v. J. RAY ARNOLD
CYPRESS COMPANY and R. L. DOWLING, *Appellees.*
139 So. 200.
Division A.
Opinion filed November 30, 1931.
Petition for rehearing denied January 4, 1932.

*Macfarlane, Pettingill, Macfarlane & Fowler,* for Appellant;

*McKay, Withers & Ramsey,* for Appellees.

ELLIS, J.—The complainant appealed from an order dissolving a temporary injunction granted to complainant corporation restraining the defendants J. Ray Arnold Cypress Company and R. L. Dowling from trespassing upon certain lands in Lake and Polk counties for the purpose of cutting timber therefrom suitable for railroad cross-ties and from removing therefrom any ties that may have been cut. The order provided that the writ issue immediately upon the complainant giving a bond in the sum of one thousand dollars and shall continue in force until March 26, 1931, a period of two weeks. On which day the order required a hearing to be held as to the "issuance of a temporary injuncton."

A demurrer to the bill was interposed by the J. Ray Arnold Cypress Company, which also interposed its answer, and on the 18th day of March it moved to dissolve the temporary injunction, and that motion was granted on the same day, from which order the appeal was taken.

The appeal was taken three days before the expiration of the date fixed in the order appealed from for its expiration, and five days after the order dissolving it. No supersedeas was obtained.

If it is assumed that the dissolution of the order eight days before the date fixed by its own terms for its dissolution was harmful to complainant because the defendant would continue its operations upon the land during the eight days intervening the order appealed from and the 26th day of March, 1931, on which date the order expired by its own terms, the complainant let five days of

the time elapse before appealing and then sought no supersedeas. It would seem that in such case the complainant deemed that whatever injury accrued to it by dissolution of the order was negligible. This inference is emphasized by the fact that no application was made for a renewal of the order restraining the operations of the defendant. In any case before the appeal could reach this court the original order would have expired by its own limitations and a reversal of the order dissolving the temporary order would not restore it.

It is not a question of what consideration moved the Chancellor to dissolve the temporary order. The appeal reviews only that action of the court. The question became moot before the appeal could reach this court, and whatever injury may have accrued to complainant during the eight days which the original order had to run by its own terms, complainants seemed to ignore by not taking an appeal and superseding the order immediately.

While a supersedeas is not necessary to the acquisition or preservation of appellate jurisdiction, the purpose of an appeal is to correct a harmful error which the Chancellor may have committed, and if the appeal is directed to an order of the Chancellor resulting in no harm to the appellant, or a reversal of the order would not have the effect to restore the status quo as of the date of the order appealed from the appeal is futile.

It seems to us that a situation like the one existing in this case cannot be made the occasion for discussing the merits of the case as presented by the bill.

In the Willey-Hoggson case 89 Fla. 446, 105 South. Rep. 126, a different situation existed. In that case the order from which the appeal was taken was one sustaining a demurrer to the bill of complaint. No supersedeas was obtained. Following the appeal the Chancellor dismissed the bill of complaint and no appeal was taken from that final decree. This court merely held that such an order of

the Chancellor did not affect the jurisdiction of this court which it had acquired on appeal from the order sustaining the demurrer to the bill of complaint.

The discussion of the subject of the relation of a supersedeas to an appeal in chancery by Mr. Justice Whitfield in that case is most clear and forceful, but the subject has no bearing upon the question presented in this case.

Nothing can be accomplished by the appeal in this case but a conventional discussion of the merits of the case as presented by the bill, which subject is not before the court. In such case, where no practical result can be accomplished by reversing the order appealed from the appeal should be dismissed. See Broward v. Bowden, 39 Fla. 751, 23 South. Rep. 489; Winborne & Camp v. Hughey, 44 Fla. 739, 33 South. Rep. 248.

The order from which the appeal was taken overruled a demurrer to the bill, so the Chancellor considered that there was merit in the bill, to which view of course the appellant is not in position to complain.

The appeal is dismissed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.