47 So.2d 865 (1950)
STATE of Florida, Appellant,
v.
CITY OF MIAMI BEACH, a municipal corporation of Florida, Appellee.
Supreme Court of Florida, en Banc.
September 29, 1950.
Glenn C. Mincer, Miami, for appellant.
Ben Shepard, Miami, for appellee.
PER CURIAM.
The decree is affirmed upon authority of Zinnen v. City of Fort Lauderdale, 159 Fla. 498, 32 So.2d 162. See State v. City of Daytona Beach, Fla., 42 So.2d 764.
ADAMS, C.J., TERRELL, CHAPMAN and HOBSON, JJ., concur.
HOBSON, J., concurs specially with opinion.
SEBRING, J., concurs with opinion by HOBSON, J.
THOMAS, J., not participating.
HOBSON, Justice (concurring specially).
Although I do not regard the cases of Zinnen v. City of Fort Lauderdale, 159 Fla. 498, 32 So.2d 162, and State v. City of Daytona Beach, Fla., 42 So.2d 764, as authority for the issuance of the certificates under consideration herein, I concur in the judgment of affirmance because I do not find anything in those cases or in any other of our adjudications which would require a holding that these certificates are unauthorized or which would preclude their issuance.
In neither of the foregoing cases did the certificates or bonds contain any obligation on the part of the municipalities to fix and maintain rates and collect charges for utilities furnished by the municipalities fully sufficient at all times to provide a sinking fund sufficient to assure the prompt payment of principal of and interest on the bonds as each falls due. Such however is the gist of the obligation contained in the face of the bonds to be issued in the instant case. These bonds contain the following recital: "This bond and the issue of which it is a part, together with other bonds which may be hereafter issued on a parity, are payable solely, as to both principal and interest, from the revenues derived by the city from the operation of its automobile parking facilities, including both off-street parking and metered on-street parking, and it is provided in said resolution that the city shall fix and maintain rates and collect charges for the use of its off-street and on-street parking facilities which will be fully sufficient at all times to pay the expenses of operating and maintaining such facilities, to provide a sinking fund sufficient to assure the prompt payment of principal of and interest on the bonds as each falls due, provide such reasonable fund for contingencies as is required by the resolution authorizing this bond and provide an adequate Depreciation Fund."
It is clear that there is no place in this case for the contention that the City proposes to go into the parking meter or parking facilities business for gain or profit. Therefore I can see no lawful objection to the City of Miami Beach obligating itself to fix rates and collect charges from its parking facilities to meet the obligations of the bonds here under consideration so long as the revenues derived from said parking facilities are used exclusively for retiring the bonds because the proceeds derived from the sale of the bonds are to be used solely for acquiring, equipping, maintaining, and improving existing and additional parking facilities for the City of Miami Beach. This purpose appears to be within the lawful exercise of the police power. Certainly traffic in a city the size of Miami Beach is a proper subject of regulation and it should be systematically methodized.
If it were contemplated that the revenue derived from the parking facilities would be used for defraying municipal expenses ordinarily financed by ad valorem taxation or the funds otherwise diverted, it might conceivably be contended that the charges made for parking facilities would result in said facilities being used primarily for the purpose of raising revenue, and thus place *866 the rentals in a classification of taxes under the guise of the police power, which should be condemned because they would be greater in amount than required for simple regulation, but such is not the case. The monies from which the certificates are to be retired are excise revenues somewhat similar in character to license taxes. As such, they are lawful so long as they are reasonably necessary to defray the expenses of regulating parking in the interest of the welfare of the citizens as an entire group, and do not have the raising of general revenue as their primary purpose.
No question of the possibility of coercing the ad valorem taxing power of the municipality is involved; hence the query whether or not a vote of the freeholders, as required by Section 6 of Article 9 of the Constitution of Florida, F.S.A., is essential to the validity of the certificates need not be considered.
SEBRING, J., concurs.