81 So.2d 511 (1955)
Kathryn LYNN, Appellant,
v.
CITY OF FORT LAUDERDALE, Appellee.
Supreme Court of Florida. En Banc.
June 20, 1955.
*512 A.E. Barrs, Jr., and Crim & Barrs, Fort Lauderdale, for appellant.
W.J. Robinson, Fort Lauderdale, for objector, J. Arthur Test.
Julian E. Ross, Fort Lauderdale, for appellee.
SEBRING, Justice.
This appeal is from a final decree validating certain revenue bonds to be issued by the City of Fort Lauderdale to provide off-street parking facilities.
According to the record on which the decree was based, the revenue bonds are to be in the aggregate principal sum of $1,200,000. The money derived from the sale of the bonds is to be used to purchase sites for off-street parking areas; to improve such sites and install meters; to pay the balance of $45,000 due on existing off-street parking facilities; to make improvements and repairs to existing parking meters; to pay one year's interest on the bonds during the period of preparation of the areas for use by the public; to establish a contingency reserve fund to be used to pay the fiscal agents and the parking survey experts; and to defray other designated expenses. For the repayment of the bond loan and interest the City agrees to pledge all moneys which will be realized from the use of the new facilities and virtually all of the revenues which are now being derived from existing on-street and off-street parking meters. In order to insure against a default in payment of the bonds the City agrees to maintain its parking charges at a certain specifically fixed minimum rate, and not to operate any other off-street parking facilities that do not conform with said specifications.
On this appeal, the appellant raises as principal points for determination whether or not the City can pledge, without an approving vote of the freeholders, the revenue from on-street parking meters to pay principal and interest of bonds issued to produce funds with which to acquire off-street facilities; and whether or not the City can obligate itself to fix and maintain fees for such parking facilities so long as such bonds are outstanding.
We find nothing unlawful in the plan of the City to pledge the revenue from present parking facilities for the acquisition of new facilities which are to be used for the same municipal purpose. Moreover, since no ad valorem tax, or pledge of the credit of the City, is involved, there is nothing in the plan that would require the submission of the issue to the freeholders. Such was the plan that was adopted by the City of Jacksonville for the acquisition of additional parking facilities and this court had no difficulty in holding that it did not violate constitutional provisions. Gate City Garage, Inc., v. City of Jacksonville, Fla., 66 So.2d 653.
The question as to whether or not the City can obligate itself to fix and maintain reasonable fees and rental facilities throughout the life of the bonds, appears to have been set at rest by our approval of the bond issue involved in State v. City of Miami Beach, Fla., 47 So.2d 865. While the decree appealed from was affirmed by this Court without opinion, a concurring opinion prepared by Mr. Justice Hobson makes it clear that we were dealing in the case with a pledge similar to the one involved here; and the opinion concluded with this pertinent observation, which, we think, is equally pertinent to the issue involved in the case at bar:
*513 "It is clear that there is no place in this case for the contention that the City proposes to go into the parking meter or parking facilities business for gain or profit. Therefore I can see no lawful objection to the City * * * obligating itself to fix rates and collect charges from its parking facilities to meet the obligations of the bonds here under consideration so long as the revenues derived from said parking facilities are used exclusively for retiring the bonds because the proceeds derived from the sale of the bonds are to be used solely for acquiring, equipping, maintaining, and improving existing and additional parking facilities for the City * * *. This purpose appears to be within the lawful exercise of the police power. * * * If it were contemplated that the revenue derived from the parking facilities would be used for defraying municipal expenses ordinarily financed by ad valorem taxation or the funds otherwise diverted, it might conceivably be contended that the charges made for parking facilities would result in said facilities being used primarily for the purpose of raising revenue, and thus place the rentals in a classification of taxes under the guise of the police power, which should be condemned because they would be greater in amount than required for simple regulation, but such is not the case. The monies from which the certificates are to be retired are excise revenues somewhat similar in character to license taxes. As such, they are lawful so long as they are reasonably necessary to defray the expenses of regulating parking in the interest of the welfare of the citizens as an entire group, and do not have the raising of general revenue as their primary purpose." Compare City of Panama City v. State, Fla., 60 So.2d 658.
The question has been posed by the appellant as to whether or not the trial court erred in entering a decree which, in effect, empowers the City to use money derived from the sale of the revenue bonds to purchase the lands to be used for off-street parking when the authorizing resolution does not accurately describe the property to be purchased. In respect to this question the appellant fails to cite a single authority or advance a single argument to support her position in regard to the issue. It is elementary that when a decree of the trial court is brought here on appeal the duty rests upon the appealing party to make error clearly appear. F E C News Co. v. Pearce, Fla., 58 So.2d 843. An appellant does not discharge this duty by merely posing a question with an accompanying assertion that it was improperly answered in the court below and then dumping the matter into the lap of the appellate court for decision. Under such circumstances it must be held, as we now hold here, that we are under no duty to answer the question.
Another question which the appellant has included in her brief involves a provision in the final decree that permanently enjoins "all taxpayers, property owners and citizens of Fort Lauderdale, Florida, including objectors herein and all nonresidents owning property subject to taxation * * * from filing, maintaining or prosecuting any suit or suits pertaining to the bonds sought to be validated * * * or pertaining to the issues decided by this action, except the right of such persons to appeal from this final decree." The appellant does not ask us to decide this question for her but asks us to decide it for one Arthur J. Test, who, so she asserts, had pending in the circuit court, at the time the validation decree was entered, an independent chancery suit which questioned the right of the City to issue the bonds which are the subject matter of this proceeding. Manifestly, it is not our duty to decide a question at the request of an appellant who shows by her briefs that she has not been adversely affected by the provision to which she has directed our attention. M.F.S. Land Co. v. J. Ray Arnold Cypress Co., 103 Fla. 732, 139 So. 200.
As to the said Arthur J. Test, who is supposed to have had the chancery suit pending at the time of the entry of the validation decree, the record shows that he was an intervenor in the validation proceeding and filed an answer in the cause contesting the right of the City to issue the bonds. The record also shows that when *514 the appeal was taken Test was named as a party appellee. But nowhere in the record can we find that Test ever made any objection in the court below to the injunction order that was contained in the final decree, nor can we glean any information from the record as to the nature of the chancery suit, the relief sought, or the issues involved. Indeed, all that we have been able to learn about the matter is stated by Test, in his brief, wherein he poses the question "Is the final decree as entered by the lower court in conformity with petition of the appellee City of Fort Lauderdale as filed, and does the lower court have the right to enlarge upon the relief or remedy sought by the petitioner, and in the event the decision is in the negative, is the lower court exceeding its authority?"
Under this question, the appellee Test sets out in general language that makes no reference to the page numbers of the record, that gives no precise information about the nature of the chancery suit or issues involved, and that fails to disclose in what particular he claims to have been injured by the injunction order, "that the injunction particularly contained in the final decree is in excess of that sought." And the appellee concludes this portion of his "argument" with the statement that "the Lower Court in its final decree with full knowledge that there existed in the Circuit Court of the Fifteenth Judicial Circuit, a suit in chancery entitled J. Arthur Test v. City of Fort Lauderdale, No. 22095; that said suit was in another division other than the division in which cases are generally heard by the [circuit judge] who signed this final decree; and that inasmuch as the City Attorney for the City of Fort Lauderdale had prepared the final decree and presented it to the Court for signature upon his declaration that he would validate the bond issue, was unaware to what extent the provisions of the final decree went to."
We have the view that neither the question posed by the appellee nor the argument submitted thereunder conform with the requirements of 30 F.S.A.Supreme Court Rule 36 pertaining to appellate briefs. Any answer that we might attempt to give to the question posed would necessarily be sheer guesswork. This is not the basis upon which an important decision should be rendered. Under the circumstances, we must decline to consider the question. Hunter v. Tyner, 151 Fla. 707, 10 So.2d 492.
We have examined all other contentions advanced by the appellant and find them to be without merit.
The appellant having failed to make error clearly appear the decree appealed from should be affirmed.
It is so ordered.
DREW, C.J., and TERRELL, THOMAS, HOBSON, ROBERTS and THORNAL, JJ., concur.