PER CURIAM.
The petitioner, Maureen Maguire, M.D. (Dr. Maguire), challenges the circuit court’s order denying her motion for summary judgment. Dr. Maguire claims that the plaintiffs/respondents, Dorothy Nichols and Dale Nichols (Nichols), failed to provide “a verified written medical expert opinion” as required by section 766.203, Florida Statutes (1995), at the time of filing the notice of intent to initiate a medical malpractice action or at any time prior to the expiration of the statute of limitations. We agree that, upon the facts of this case, the petition should be granted.
The event which led to the filing of the medical malpractice complaint occurred on August 18, 1994. On August 11, 1995, Nichols sent a notice of intent to Dr. Maguire which was accompanied by a medical opinion letter. The letter declares that Dr. Ma-guire’s actions were negligent. The medical expert’s complimentary closing is “Sincerely yours” and a notary stamp is affixed to the bottom of the page. There is no indication that the opinion letter was sworn or prepared by the authoring doctor under the penalty of perjury. Dr. Maguire timely denied the claim, and Nichols filed a malpractice complaint.
On October 22, 1996, Dr. Maguire filed a motion to dismiss and to strike, asserting that Nichols had failed to submit a verified written medical expert opinion as required by statute. After a hearing, the trial court entered an order on January 31, 1997, denying Dr. Maguire’s motion. The court specifically found that the opinion letter was not an affidavit, that it was not verified in accordance with Florida law, and that no other verified medical expert opinion had been provided as of January 30, 1997. Further, the trial court noted that the statute of limitations expired on November 29,1996.
In spite of these deficiencies, the court stated, “It would not be equitable to plaintiffs to dismiss this action without giving them a chance to cure this defect.” The trial court allowed Nichols a limited time period in which to file a properly verified medical opinion letter. Nichols complied with the court’s order as directed.
In response, Dr. Maguire filed a motion for summary judgment in which she correctly asserted that the statute of limitations had expired before the verified opinion letter was filed. The trial court was not persuaded and denied the motion. This petition followed to challenge the nonfinal order which determines whether presuit notice requirements were satisfied in a medical malpractice case. See Shands Teaching Hosp. v. Miller, 642 So.2d 48 (Fla. 1st DCA 1994).
This court is attentive to the fact that Dr. Maguire’s motion to dismiss was filed more than a month before the statute of limitations expired. Nichols had the opportunity to timely file a verified medical opinion in compliance with the statute, but chose not to do so. The case law is clear: The failure to file a properly verified medical opinion letter is not fatal to a plaintiffs cause of action as long as the requirement is met before the expiration of the statute of limitations. See Royle v. Florida Hospital-East Orlando, 679 So.2d 1209, 1211-12 (Fla. 5th DCA 1996), review denied, 689 So.2d 1071 (Fla.1997); Citron v. Shell, 689 So.2d 1288 (Fla. 4th DCA 1997).
We hold that the trial court departed from the essential requirements of law by denying the motion for summary judgment based upon equity. Nichols had notice of the deficiency in the medical opinion letter for over a month before the expiration of the statute of limitations and failed to act.
The petition for writ of certiorari is granted. The October 20,1997, order denying Dr. Maguire’s motion for summary judgment is hereby quashed. The trial court is directed to enter an order granting Dr. Maguire’s motion for summary judgment against Nichols.
Petition granted with directions.
PATTERSON, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.