955 So.2d 586 (2006)
Paul ANDERSON, Appellant,
v.
Curtis B. WAGNER, DPM, etc., et al., Appellees.
No. 5D05-3220.
District Court of Appeal of Florida, First District.
August 18, 2006.
*587 Paul Anderson, Orlando, Pro Se.
Benjamin W. Newman, of Bobo, Ciotoli, Bocchino, Newman & Corsini, P.A., Orlando, for Appellee, Orlando Surgery Center.
Rafael E. Martinez and Richard L. Barry, of McEwan, Martinez & Dukes, P.A., Orlando, for Appellee, Stephen W. Thompson, M.D.
Michael R. D'Lugo, of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Orlando, for Appellees, Curtis Wagner, D.P.M. and Foot and Ankle Associates of Florida.
ORFINGER, J.
Paul Anderson appeals the trial court's orders dismissing with prejudice his medical malpractice claims against Curtis B. Wagner, D.P.M., Foot & Ankle Associates of Florida ("Associates"), Stephen W. Thompson, M.D., and the Orlando Surgery Center ("OSC") (collectively, "Appellees"). For the reasons explained hereafter, we affirm the orders of dismissal.
Mr. Anderson's medical malpractice claims were based on two foot surgeries performed by Dr. Wagner, who practices as a member of Associates, in June and July 2003. Unhappy with the surgical results, and believing that Dr. Wagner had performed unnecessary or unauthorized procedures, Mr. Anderson served Dr. Wagner a notice of intent to initiate medical malpractice litigation. The notice of intent did not include a corroborating affidavit from an expert witness. However, Mr. Anderson asserted in the notice of intent that Dr. Wagner had failed to provide copies of his entire medical record as requested, thereby waiving his right to such corroboration.
Both sides agree that Mr. Anderson went to Dr. Wagner's office on August 27, 2003, to request his medical records, and that Dr. Wagner's staff did not provide him with his records at that time. According to Mr. Anderson, he completed a medical release form at Dr. Wagner's office to obtain his records, but Dr. Wagner's office manager stopped the receptionist from giving Mr. Anderson his files. That same day, Mr. Anderson wrote a letter to Dr. Wagner explaining what had occurred at his office and requesting a copy of his complete file, including "authorization forms, notes, phone consultations, office visits and all other matter." Mr. Anderson claims that Dr. Wagner responded to his request on August 29, 2003, but did not include Mr. Anderson's medical *588 records with his reply. However, the record before us contains no evidence or affidavit substantiating Dr. Wagner's refusal to furnish the records in a timely manner.
Dr. Wagner's account of the events is much different. Notably, in his affidavit, Dr. Wagner testified that his office staff mailed Mr. Anderson a copy of his medical chart within ten days of his request. Dr. Wagner attached copies of two certified mail return receipt cards signed by Mr. Anderson on September 5 and 6, 2003, respectively, as evidence of his assertion.
Mr. Anderson filed a medical malpractice complaint against Dr. Wagner and Associates shortly thereafter. Following that, Mr. Anderson mailed a letter to OSC, notifying OSC of his claim against Dr. Wagner and alluding to the fact that OSC, as the site of the surgeries, and Dr. Thompson, as the anesthesiologist for the surgeries, were also liable for Dr. Wagner's alleged malpractice. Mr. Anderson subsequently amended the complaint to include Dr. Thompson and OSC as parties. Mr. Anderson's complaint alleged that he suffered economic and non-economic damages as a result of the medical negligence allegedly committed by Appellees during his two foot surgeries and sought compensatory and punitive damages, totaling $11,592,708.88.
Dr. Wagner and Associates moved to dismiss Mr. Anderson's amended medical malpractice complaint. The motion was premised on Mr. Anderson's failure to submit a verified written medical expert opinion as part of his notice of intent, as required by section 766.203(2), Florida Statutes (2003). Dr. Wagner and Associates also attempted to dispel Mr. Anderson's assertion that no corroborating evidence was necessary under section 766.204 due to Dr. Wagner allegedly failing to furnish Mr. Anderson's medical records within ten days of his August 27, 2003, request. Instead, they asserted in a sworn affidavit that Dr. Wagner forwarded Mr. Anderson a complete copy of his medical chart pursuant to his request on August 29, 2003, well within the ten-day time period.
OSC and Dr. Thompson also filed motions to dismiss Mr. Anderson's complaint, contending that Mr. Anderson failed to provide a corroborating affidavit for his complaint, as required by section 766.203(2). Dr. Thompson also claimed that he never received actual or constructive notice of the claim against him, so that he was unable to participate in the presuit process.
A hearing on Appellees' motions to dismiss was held before the Honorable Rom W. Powell, Senior Judge. At the hearing, Mr. Anderson argued that Appellees' motions to dismiss were improper under Florida Rule of Civil Procedure 1.420 because he had not yet presented evidence in support of his claims. Mr. Anderson elected to "respectfully abstain" from the hearing, lest he violate the law by participating in what he claimed was an illegal proceeding. Mr. Anderson further stated that he would not participate in the hearing because his rights to a speedy hearing and equal protection under the law were being denied. Mr. Anderson also objected to the fact that Judge Powell, not Judge Cohen, was presiding over the hearing, contrary to what had been stated in the notice of hearing.[1]
Appellees argued that Mr. Anderson had failed to comply with the provisions of Florida's Medical Malpractice Act. Specifically, they demonstrated that Mr. *589 Anderson did not submit an expert affidavit corroborating that reasonable grounds existed to support the claims of medical negligence as required by section 766.203. OSC and Dr. Thompson also claimed that they never received any notice of intent from Mr. Anderson directed to their alleged negligence. Rather, OSC contended that the letter it received from Mr. Anderson on March 16, 2005, simply informed OSC of Mr. Anderson's claim against Dr. Wagner.
Following the hearing, Judge Powell entered an order dismissing Mr. Anderson's claims against Dr. Wagner and Associates with prejudice on August 15, 2005. A similar order was issued on August 30, 2005, dismissing Mr. Anderson's claims against Dr. Thompson and OSC with prejudice. The final orders stated, in pertinent part:
The Court finds that as of the date of this hearing, plaintiff has failed to submit a verified written medical opinion as required by section 766.203(2), Florida Statutes. The statute of limitations in medical negligence actions, section 95.11(4)(b) is two (2) years. The statute ran out on July 23, 2005. The failure to submit the required verified written medical opinion within the two year limitations period is fatal to plaintiff's case. See Maguire v. Nichols, 712 So.2d 784 (Fla. 2d DCA 1998).
This appeal followed.
Mr. Anderson claims that the trial court erred in dismissing his medical malpractice complaint against Appellees. Mr. Anderson contends that the trial court: (1) improperly relied on section 766.203 in dismissing his case; (2) erred in dismissing his case in light of alleged fraud; and (3) denied his rights to speedy trial, due process, and equal protection by failing to grant his motion for evidentiary hearing. We review the trial court's orders on Appellees' motions to dismiss de novo. Huet v. Mike Shad Ford, Inc., 915 So.2d 723, 725 (Fla. 5th DCA 2005) (citing Sobi v. Fairfield Resorts, Inc., 846 So.2d 1204 (Fla. 5th DCA 2003); Fox v. Prof'l Wrecker Operators of Fla., Inc., 801 So.2d 175 (Fla. 5th DCA 2001)).
Appellees' motions to dismiss were based in part on the contention that Mr. Anderson failed to file a verified written expert opinion along with his notice of intent to corroborate that there are reasonable grounds upon which Mr. Anderson filed his complaint. Section 766.203(2), Florida Statutes (2003), provides:
PRESUIT INVESTIGATION BY CLAIMANT.Prior to issuing notification of intent to initiate medical negligence litigation pursuant to s. 766.106, the claimant shall conduct an investigation to ascertain that there are reasonable grounds to believe that:
(a) Any named defendant in the litigation was negligent in the care or treatment of the claimant; and
(b) Such negligence resulted in injury to the claimant.
Corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written medical expert opinion from a medical expert as defined in s. 766.202(6), at the time the notice of intent to initiate litigation is mailed, which statement shall corroborate reasonable grounds to support the claim of medical negligence.
(Emphasis added). Generally, the corroborating expert medical opinion is provided *590 prior to or contemporaneous with the claimant's notice of intent. See Archer v. Maddux, 645 So.2d 544, 547 (Fla. 1st DCA 1994). Here, Mr. Anderson's notice did not include any corroborating medical expert opinion. "[I]f a complaint is filed without a corroborating expert opinion, the defendant's proper remedy is a motion to dismiss." Maddux, 645 So.2d at 547. However, a party's failure to provide a medical expert opinion along with its notice of intent does not require dismissal of the claim so long as corroboration is provided before the statute of limitations has run. See generally Yocom v. Wuesthoff Health Sys., Inc., 880 So.2d 787, 790 (Fla. 5th DCA 2004); Gargano v. Costarella, 618 So.2d 786, 787 (Fla. 5th DCA 1993). In this case, though, Mr. Anderson never provided medical expert opinion supporting his claim, and the trial court dismissed his complaint with prejudice after the statute of limitations had expired.
Mr. Anderson argues that under the terms of section 766.204(2), Florida Statutes (2003), he was not required to provide Dr. Wagner with any medical expert corroboration of his claim. Section 766.204(2) states that the "failure to provide copies of medical records within 10 days `shall waive the requirement of written medical corroboration' by the party requesting the copies." Medina v. Pub. Health Trust, 743 So.2d 541, 542 (Fla. 3d DCA 1999). Mr. Anderson asserts that Dr. Wagner waived his right to a medical expert opinion by failing to supply him with his medical records within ten business days of his request.
Mr. Anderson failed to properly preserve this issue for appellate review. "For an issue to be preserved for appeal, . . . it `must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved.'" Archer v. State, 613 So.2d 446, 448 (Fla.1993) (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985)). Mr. Anderson refused to participate in the hearing on Appellees' motions to dismiss. Consequently, Mr. Anderson never raised the argument that Dr. Wagner waived his right to medical expert opinion during the hearing or offered any evidence to support that contention. Instead, he claimed that the hearing was illegal because he did not have an opportunity to present evidence prior to Appellees' filing their motions to dismiss.
Mr. Anderson also argued, as on appeal, that his rights to a speedy hearing, due process, and equal protection were being denied and that Judge Cohen, not Judge Powell, was the only judge authorized to conduct the hearing. Contrary to Mr. Anderson's assertion, the hearing on the motions to dismiss was not illegal nor did it impair his rights to a speedy hearing, due process, and equal protection. Mr. Anderson has no standing to question Judge Powell's assignment to the case. "Litigants . . . have no right to have any particular judge hear their case." Rodriguez v. State, 919 So.2d 1252, 1278 (Fla. 2005). "Where the court has jurisdiction, it is the court, and not the particular judges thereof, that has jurisdiction over a particular cause, controversy and the parties thereto. . . . In legal contemplation judges, like litigants, are all equal before the law. Subject only to substantive law relating to disqualification of judges, litigants have no right to have, or not have, any particular judge of a court hear their cause and no due process right to be heard before any assignment or reassignment of a particular case to a particular judge." *591 Kruckenberg v. Powell, 422 So.2d 994, 995 (Fla. 5th DCA 1982).
Mr. Anderson's reliance on Florida Rule of Civil Procedure 1.420 in support of his argument that he should have been able to present evidence of his case before Appellees filed their motions to dismiss is likewise misplaced. The section of rule 1.420 that Mr. Anderson cites[2] concerns the right of the non-moving party to present evidence at trial before another party moves to dismiss. Here, Mr. Anderson had an opportunity to present evidence at the hearing on the motions to dismiss, but chose not to. Mr. Anderson's due process right to be heard was not denied; instead, he voluntarily chose not to participate in the hearing.
Mr. Anderson also mistakenly argues that the right to speedy trial applies to this case. "The constitutional right to a speedy trial in criminal cases has no application to civil proceedings." Julian v. Lee, 473 So.2d 736, 739 (Fla. 5th DCA 1985); see also Amend. VI, U.S. Const. Since the hearing on Appellees' motions to dismiss was neither illegal nor denied Mr. Anderson's constitutional rights, Mr. Anderson's decision not to participate in the hearing means that his current complaints were not properly preserved for appellate review.[3]
AFFIRMED.
PALMER, J. and GRIESBAUM, J., Associate Judge, concur.
NOTES
[1] It appears that the Honorable Jay P. Cohen had been identified as the judge who would preside over the hearing in the notices of hearing prepared by Appellees and mailed to Mr. Anderson.
[2] Rule 1.420 states, in pertinent part:

After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted.
[3] Even if Mr. Anderson had properly preserved these issues for appellate review, his argument that Dr. Wagner waived the requirement that Mr. Anderson provide a corroborating expert opinion applies only to Dr. Wagner and Associates. The Third District Court has held that a hospital's failure to provide the required expert corroboration cannot be imputed to a co-defendant from whom the claimant never requested medical records. Tapia-Ruano v. Alvarez, 765 So.2d 942, 943-44 (Fla. 3d DCA 2000). Logically, the opposite would also apply. While one party may have waived its right to a medical expert opinion, this waiver is not imputed to other codefendants. Here, Mr. Anderson clearly requested medical records from Dr. Wagner. However, Mr. Anderson never claimed that he requested medical records from any of the other Appellees. Therefore, even if Dr. Wagner waived his right to an expert medical opinion for failing to comply with Mr. Anderson's request for medical records, the other appellees did not.