PER CURIAM.
The plaintiffs below, Elsie and Carl Berry, challenge the trial court’s order dismissing their complaint with prejudice for failure to comply with the mandatory pre-suit requirements of a medical malpractice action. We affirm, because the plaintiffs failed to provide a verified written medical expert opinion prior to the expiration of the statute of limitations.
On November 24, 2008, the plaintiffs filed suit against Elsie’s doctor, David Pad-den, M.D., and Lighthouse Orthopedic Associates, P.A., alleging that Dr. Padden committed medical malpractice by improperly installing an “oversized tibial component” when he performed Elsie’s knee replacement surgery on April 27, 2006. The plaintiffs attached to their complaint a Certification of Counsel, which stated that “after reasonable investigation there are grounds for a good faith belief that there has been negligence in [the] care of plaintiff against each named defendant upon receipt of written opinion of an appropriate expert defined by 766.102 that there appears to be evidence of medical negligence.” The “written opinion” referenced in the Certification of Counsel was a letter from an orthopedic surgeon, Dr. Christopher J. Cassels. The letter was neither sworn, notarized, nor otherwise verified. *1146 Subsequently, the plaintiffs provided and filed a verified written opinion by Dr. Cas-sels on May 19, 2009.
Shortly thereafter, on May 29, 2009, the defendants moved to dismiss or stay the complaint for failure to comply with the statutory presuit screening requirements. The motion alleged, among other things, that the plaintiffs failed to provide a “verified written opinion corroborating the reasonable grounds for initiating medical negligence” litigation. The trial court granted the motion and dismissed the case with prejudice, stating: “Plaintiff failed to provide a verified written medical expert opinion pursuant to Florida Statute § 766.203 within 180 days of October 31, 2008 which is the date of [the] Statute of Limitations.” [1] The plaintiffs appealed the dismissal.
We note, at the outset, that the defendants have not challenged the content of the original letter from the plaintiffs’ medical expert, but rather its lack of verification. The controlling statutes are as follows.
Section 766.203(2), Florida Statutes (2006), provides:
Presuit investigation by claimant.— Prior to issuing notification of intent to initiate medical negligence litigation pursuant to s. 766.106, the claimant shall conduct an investigation to ascertain that there are reasonable grounds to believe that:
(a) Any named defendant in the litigation was negligent in the care or treatment of the claimant; and
(b) Such negligence resulted in injury to the claimant.
Corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant’s submission of a verified written medical expert opinion from a medical expert ... at the time the notice of intent to initiate litigation is mailed, which statement shall corroborate reasonable grounds to support the claim of medical negligence.
(Emphasis added).
Additionally, section 766.206(2), Florida Statutes (2006), provides:
If the court finds that the notice of intent to initiate litigation mailed by the claimant is not in compliance with the reasonable investigation requirements of ss. 766.201-766.212, including a review of the claim and a verified written medical expert opinion by an expert witness as defined in s. 766.202, the court shall dismiss the claim....
(Emphasis added).
The law is well-established that a properly verified, corroborating medical expert opinion must be provided by the *1147 plaintiff to the defendant prior to expiration of the statute of limitations. See, e.g., Maguire v. Nichols, 712 So.2d 784, 785 (Fla. 2d DCA 1998) (citations omitted) (stating “[t]he case law is clear: The failure to file a properly verified medical opinion letter is not fatal to a plaintiffs cause of action as long as the requirement is met before the expiration of the statute of limitations”); see also Popps v. Foltz, 806 So.2d 588, 584-85 (Fla. 4th DCA 2002) (holding that the failure to comply with the statutory presuit requirements does not warrant a dismissal with prejudice if the statute of limitations has not yet run); Hoeltzell v. Erenstoft, 985 So.2d 636, 636-37 (Fla. 4th DCA 2008) (holding that physician’s pro se response to a complaint was properly stricken for failure to comply with presuit screening requirements); Archer v. Maddux, 645 So.2d 544, 547 (Fla. 1st DCA 1994) (holding that the plaintiffs failure to file a corroborating medical expert opinion prior to the expiration of the statute of limitations justified the dismissal of her complaint with prejudice); Cent. Fla. Reg’l. Hosp. v. Hill, 721 So.2d 404, 406 (Fla. 5th DCA 1998) (holding that the trial court departed from the essential requirements of the law when it refused to dismiss the plaintiffs complaint for failure to attach a corroborating, verified medical expert opinion); Suarez v. St. Joseph’s Hosp., Inc., 634 So.2d 217, 219 (Fla. 2d DCA 1994) (noting that failure to file a verified medical opinion is not fatal to a claim if “compliance is secured prior to the expiration of the appropriate statute of limitations”).
In this case, the plaintiffs provided the defendants with only an unverified, corroborating medical expert opinion prior to the expiration of the statute of limitations. Accordingly, we affirm the trial court’s order dismissing the plaintiffs’ complaint with prejudice for failure to provide a properly verified corroborating expert opinion prior to the expiration of the statute of limitations.

Affirmed.

POLEN, TAYLOR and HAZOURI, JJ., concur.

. Defendants provided a chronology of the relevant dates in their answer brief, as follows:
4/27/06 Surgery performed by Dr. Padden
10/4/06 Berry visits another physician for a second medical opinion
10/22/06 Berry is advised to have further surgery
10/31/06 Berry undergoes additional surgery
8/21/08 Beriy send purported presuit notice of intent
10/27/08 Berry's expert, Dr. Cassels (orthopedic surgeon), writes an unverified, one page letter to Berry
11/24/08 Complaint is filed
11/11/08 Berry sends Dr. Padden a copy of Dr. Cassels’ 10/27/08 letter
1/29/09 Expiration of statute of limitations (calculated as 2 years from 10/31/06 + 90 day presuit)
3/30/09 Expiration of statute of limitations (calculated as 2 years from 10/31/06 + 90 day presuit + Automatic 60 day extension, if it is assumed applicable)
5/12/09 Execution of "verified written expert opinion” of Dr. Cassels, Berry’s expert.