PER CURIAM.
In this workers’ compensation appeal, Claimant, appearing pro se, challenges three orders of the Judge of Compensation Claims (JCC) that conclude Claimant has fully settled his two workers’ compensation claims with the Employer/Carrier (E/C) and is, therefore, entitled to no further benefits under chapter 440 for these accidents and injuries. Because the record evidence supports the JCC’s finding that Claimant indeed settled his claims, we af *575 firm. We deny Claimant’s constitutional challenges for reasons explained below.
Background
This is the second time this workers’ compensation matter — which comprises two distinct dates of accidents (allegedly) suffered by Claimant while employed with the Employer herein — has come before this court. In Cabrera v. Outdoor Empire (Cabrera /), 108 So.Bd 691 (Fla. 1st DCA 2013), we concluded that the parties’ first putative settlement agreement, reached when Claimant was not represented by counsel, was neither binding nor enforceable, because Claimant permissibly withdrew from the settlement before it was approved by the JCC as required by section 440.20(ll)(a), Florida Statutes — which applies to workers’ compensation settlement agreements involving unrepresented claimants. See 108 So.Bd. at 694. After this court’s reversal in Cabrera I, the parties attended a six hour mediation, at which Claimant was represented by counsel. An interpreter was present at the mediation to assist Claimant, whose primary language is Spanish. At the conclusion of mediation, the parties reached a settlement agreement whereby Claimant was to receive a total sum of $165,000, payable by the E/C, out of which he was to pay his attorney $10,000 for attorney’s fees and costs. This settlement agreement was memorialized by written documents, each of which bears Claimant’s signature. Shortly after this second settlement agreement was reached, and after the documents memorializing same were signed, Claimant expressed displeasure with, inter alia, the amount of the settlement, the manner in which it was negotiated, and the means by which the settlement checks would be processed.
Several evidentiary hearings were held regarding Claimant’s multiple post-settlement grievances, resulting in the orders on appeal. Significantly, at the evidentiary hearing held to determine whether Claimant in fact settled his workers’ compensation claims, the mediator, the interpreter, and Claimant’s counsel (who had by then withdrawn from representation of Claimant) testified. Each of the foregoing witnesses, testified (with all relevant privileges being waived on the record) that the negotiations at mediation and the resulting settlement included both dates of accidents; according to these witnesses, this fact was discussed with Claimant repeatedly. The E/C introduced the settlement documents into evidence, which show an agreement whereby the E/C promised to pay Claimant $165,000 (out of which Claimant was to pay his attorney $10,000 for fees and costs) to completely settle and extinguish “all” and “any” workers’ compensation claims based on accidents and injuries suffered by Claimant while working for the Employer. Claimant testified that he signed these documents, and this fact was verified by Claimant’s counsel and the interpreter. Nevertheless, Claimant alleged that he was a victim of a “dirty trick,” because he did not intend to settle both dates of his accident.
After considering the testimony and the documentary evidence introduced at hearing, the JCC entered an order that concludes Claimant fully and completely settled his January 30, 2007, accident (involving an alleged vision injury), his February 12, 2010, accident (involving “multiple injuries”), and “any and all” dates of accidents Claimant suffered while employed by the Employer, in exchange for $165,000, payable by the E/C. The JCC further found no indicia of overreaching or fraud committed against Claimant, as was inferentially argued by Claimant. After the JCC issued the order finding a full and complete settlement of all dates of accident, Claimant then alleged — for *576 the first time — that the signatures appearing on the operative settlement documents were not his own. The JCC advised Claimant that the time to have raised this issue was during the eviden-tiary hearing on the issue of settlement. This appeal followed.
In his brief, Claimant asserts that his constitutional rights have been violated and that he did not settle both dates of accident, only the February 12, 2010, date of accident. Upon receipt of Claimant’s brief, this court entered an order advising the parties that this appeal is being considered for summary affirmance under Florida Rule of Appellate Procedure 9.315(a). Accordingly, the parties were directed to refrain from further briefing.
Analysis
Summary affirmance is appropriate where the initial brief fails to present a “preliminary basis for reversal,” regardless of the good-faith intentions and beliefs of the filing party. See Spencer v. Fla. Power Light, — So.3d -, 2013 WL 5848468, 38 Fla. L. Weekly D2270 (Fla. 1st DCA Oct. 31, 2013). For the reasons that follow, we conclude that this case is appropriate for disposition by summary affir-mance.
Relative to the issue of settlement, Claimant argues, in essence, that evidence supports his argument that he did not intend to settle both dates of accident with the E/C. This court has stated on many occasions that we will never reverse an order of lower tribunal merely because evidence supports the losing party’s view of the case. See Cumberland Farms, Inc. v. Manning, 685 So.2d 64, 64 (Fla. 1st DCA 1996) (“Once again we remind counsel of the basic premise that the standard of review in workers’ compensation cases is whether competent substantial evidence supports the decision below, not whether it is possible to recite contradictory record evidence which supported the arguments rejected below.” (citing Mercy Hosp. v. Holmes, 679 So.2d 860 (Fla. 1st DCA 1996))). Rather, the relevant inquiry pertaining to issues of fact challenged on appeal is whether competent substantial evidence supports the findings reached by the JCC. See Swanigan v. Dobbs House, 442 So.2d 1026, 1027 (Fla. 1st DCA 1983).
Here, an abundance of evidence, including the testimony of the interpreter and the mediator, which was accepted as credible by the JCC to the exclusion of Claimant’s testimony, establishes that the settlement reached at mediation was intended to resolve all workplace accidents that Claimant suffered or allegedly suffered while working for the Employer. Further, the written settlement agreement documents introduced into evidence contain express language resolving with finality “any” and “all” workers’ compensation accidents suffered by Claimant while working for the Employer.
Relative to Claimant’s assertions that he did not actually sign the operative settlement agreement documents, Claimant did not timely raise this argument below, but to the contrary testified under oath that he signed these agreement documents. For an issue to be preserved for appeal, it must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation. See Anderson v. Wagner, DPM, 955 So.2d 586, 590 (Fla. 5th DCA 2006). Further, to properly preserve an issue for appeal, a party must make a timely, contemporaneous objection. See Aills v. Boemi, 29 So.3d 1105, 1108 (Fla.2010). In Florida, pro se litigants are bound by the same rules that apply to counsel. See Stueber v. Gallagher, 812 So.2d 454, 457 (Fla. 5th DCA 2002) (hold *577 ing pro se litigant waived relief requested on appeal by not preserving claimed error below). Because Claimant’s assertion regarding the alleged forgery of his signatures was not preserved, the issue need not be addressed by this court. Notwithstanding the lack of preservation, however, Claimant’s own testimony, along with that of his attorney, the mediator, and the translator, establishes Claimant signed the settlement documents in question. Thus, this court can grant no relief based on Claimant’s bare allegation that his signature on the operative settlement agreement documents was affixed by someone other than himself.
Relative to the issue of whether Claimant was tricked into settling both cases, the formation of a contract “depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs — not on the parties having meant the same thing but on their having said the same thing.” Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp., 302 So.2d 404, 407 (Fla.1974) (quoting Gendzier v. Bielecki, 97 So.2d 604, 608 (Fla.1957)). Here, in addition to the testimony of Claimant’s attorney, the mediator, and the translator, which established the terms of the parties’ negotiations and the resulting agreement, the settlement agreement documents relied upon by the JCC also support her finding that Claimant voluntarily entered into an agreement that expressly settles and extinguishes Claimant’s entitlement to any and all workers’ compensation benefits for any workers’ compensation injuries Claimant suffered while employed by the Employer, in exchange for valuable consideration. Thus, Claimant’s subjective belief as to whether both accidents were settled is irrelevant to the legal issue at hand. Further, in his brief, Claimant cites no evidence or legal authority that would compel a conclusion that the settlement agreement was invalid or voidable. Based on the foregoing, Claimant’s arguments on this issue are unavailing and otherwise fail to raise a preliminary basis for reversal.
We now turn to Claimant’s arguments premised on the alleged violations of his constitutional rights. In this point on appeal, Claimant makes only a conclusory argument regarding the alleged violations of his constitutional rights. Claimant does not refer to any specific constitutional guarantees or provisions that have been allegedly transgressed, and, in light of the fact that Claimant voluntarily settled his workers’ compensation claims for $165,000 (an amount already received by Claimant), no constitutional violations are readily apparent under the circumstances. Rather than raising specific constitutional arguments and explaining why the case should be decided in his favor, Claimant encourages this court to thoroughly examine his case, with the assurances that once the court does so, it will understand the harms visited upon Claimant during the pendency of his workers’ compensation claims. Claimant’s argument in this regard misapprehends the role of this court, and his role as a litigant seeking relief therefrom. See Lynn v. City of Ft. Lauderdale, 81 So.2d 511, 518 (Fla.1955) (explaining that party bringing appeal has duty to “make error clearly appear,” and court has no duty to answer questions raised in a “perfunctory” manner). Claimant has failed to demonstrate error on this record as is his burden, and this court is under no obligation to construct or answer a legal question not properly argued by Claimant himself. See id. at 513 (explaining litigant does not fulfill duty of demonstrating reversible error by merely posing question and then “dumping the matter into the lap of the appellate court for decision”). For the foregoing reasons, Claimant fails to demonstrate a preliminary basis for rever *578 sal. Thus, the orders on appeal are AFFIRMED.
LEWIS, C.J., WOLF and MAKAR, JJ., concur.