PER CURIAM.
In this workers’ compensation appeal, Claimant challenges an order of the Judge of Compensation Claims (JCC) that concludes Claimant has fully and finally settled her workers’ compensation claim emanating from an alleged June 30, 2012, date of accident. The appealed order also concludes that Claimant failed to raise or establish a legally cognizable basis for avoiding the terms of this settlement. Upon receipt of Claimant’s amended initial brief, this court entered an order advising the parties that this appeal is being considered for summary affirmance under Florida Rule of Appellate Procedure 9.315(a). Accordingly, the parties were directed to refrain from further briefing.
Rather than raising a specific legal or factual argument and explaining why the case should be decided in her favor, Claimant argues, in essence, that the settlement is not sufficient to meet her financial needs. Claimant’s argument, which is unaccompanied by record support or legal authority that would permit relief on such a basis, misapprehends the role of this court and her role as a litigant seeking relief therefrom. See Lynn v. City of Fort Lauderdale, 81 So.2d 511, 513 (Fla.1955) (explaining that party bringing appeal has duty to “make error clearly appear,” and court has no duty to answer questions raised in “perfunctory” manner). Claimant has failed to demonstrate error on this record as is her burden, and this court is under no obligation to construct or answer a legal question not properly argued by Claimant herself. Cabrera v. Outdoor Empire Inc., 134 So.3d 573, 577 (Fla. 1st DCA 2014). Based on the foregoing, Claimant has failed to raise a preliminary basis for reversal. Accordingly, we affirm the JCC’s order that finds that Claimant’s case is fully and finally settled and that there is no basis to disturb this settlement.
AFFIRMED.
PADOVANO, WETHERELL, and SWANSON, JJ„ concur.