# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5039
_____

DEXTER J. CAMPBELL,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Darlene Dickey, Judge.

August 30, 2018

PER CURIAM.

Dexter Campbell was arrested and, on March 13, 2014, pled guilty to two drug-related charges, receiving three years of probation. After the second allegation that Campbell violated the terms of his probation by committing a new law offense, he was found guilty, and the trial court revoked his probation. On October 20, 2016, the trial court sentenced Campbell to two years in prison and, after conferring with Campbell's attorney, credited him with 117 days served. This appeal arises out of a dispute as to how many days of jail-time credit Campbell is entitled to.

Following his judgment and sentence, Campbell filed a direct appeal. Campbell later filed a motion with the trial court to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which permits motions while an appeal is pending. First, Campbell's motion requested credit for time he spent in jail outside of Florida. Second, Campbell argued that he

was entitled to credit from November 23, 2015, until December 4, 2015, the time he asserts he spent in jail in Escambia County following the arrest that led to his first alleged violation of probation. The trial court denied both claims, and Campbell disputes only these two rulings in his direct appeal.

We affirm the trial court's ruling on the first claim without further comment. Regarding the second claim, the trial court concluded that Campbell was not entitled to credit for time served because this jail time was not related to the offense that led to the revocation of his probation. Campbell argues that he is entitled to all time served in jail following his initial sentencing, and the State agrees. We affirm as to the second claim, and write to explain why the record on appeal does not permit us to evaluate the arguments put forth by Campbell and the State.

Although the State agrees that Campbell is entitled to time served in jail between November 23, 2015, and December 4, 2015, it does not appear he was in jail. To support his assertion that he was arrested on November 23, 2015, Campbell points to the following warrant for his arrest:

> NEW ARREST–Violation of Condition (5) of the Order of Probation, by failing to live without violating any law by being arrested for the criminal offense of Battery-Touch or Strike on November 23, 2015, in Escambia County, FL, and as grounds for belief that the offender violated his probation, Officer Samantha Howell states that the offender was arrested on December 3, 2015, for the said offense by Escambia County Sheriff Deputy Cory Caves, as told to Officer Samantha Howell by Arrest Report Number ECSO15ARR021140.

This language indicates that Campbell was arrested on December 3rd, although the first half could be interpreted to suggest that he was indeed arrested on November 23rd. The language of this warrant was taken verbatim from an affidavit written by Officer Howell. The same day Officer Howell wrote the affidavit, she also completed a violation report, which states, in pertinent part, the following:

2

On November 23, 2015, in Escambia County, Florida, Escambia Sheriff's Office Deputy Cory Caves reported to a disturbance at the area of Patricia Drive and Cerny Road. . . . Deputy Caves attempted to make contact with the defendant at his home on Saufley Field Road. The defendant was not at home. On December 3, 2015, the defendant was arrested.

With the additional context of this violation report, it is clear that Campbell was not arrested for this incident until December 3, 2015. If other documents show that Campbell was in jail during this period, he failed to include them in the record before us, which is his burden. *See Anderson v. N. Port Servs. of Fla., LLC*, 151 So. 3d 29, 30 (Fla. 1st DCA 2014). Because there is no evidentiary basis to support the assertions by Campbell and the State, we affirm without reviewing the trial court's reasoning. *See Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) (affirming the trial court's order based on different reasoning).

AFFIRMED.

ROBERTS, ROWE, and WINOKUR, JJ., concur.

───────────────────────

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

───────────────────────

Andy Thomas, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Amanda D. Stokes, Assistant Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.