# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2023-0614
LT Case No. 2019-DR-003464

———————————————

RACHAEL MORELLI,

    Appellant,

    v.

SEAN J. BORDELON,

    Appellee.

———————————————

On appeal from the Circuit Court for Marion County.
R. Gregg Jerald, Judge.

Jonathan P. Culver, of Jonathan P. Culver, P.A., Ocala, for
Appellant.

No Appearance for Appellee.

September 27, 2024

PRATT, J.

Appellant Rachael Morelli appeals the circuit court's
supplemental final judgment on child support, which was entered
after the court partially granted Appellee Sean Bordelon's petition
for modification.

We agree with Appellant that the circuit court erred when it
awarded a child-support modification retroactive to the date of the
original judgment, rather than to the date of the petition for

modification. *See* § 61.14(1)(a), Fla. Stat. (2022); *Carmack v. Carmack*, 316 So. 3d 396, 398 (Fla. 5th DCA 2021) ("[A] retroactive child support obligation may not be imposed prior to the date the petition seeking modification was filed."). Here, the petition for modification was filed on September 25, 2019. The court lacked authority to award a modification retroactive to an earlier date.

Appellant also argues that the circuit court erred by failing to include a child support guidelines worksheet in the supplemental final judgment. However, Appellant failed to preserve this argument by failing to include it in her motion for rehearing. *See Moody v. Newton*, 264 So. 3d 292, 294 (Fla. 5th DCA 2019) (a motion for rehearing is required to preserve alleged errors that first appear on the face of a final judgment). We will not consider this unpreserved argument.

In addition, Appellant contends that the circuit court erred, as a matter of due process, by failing to give the Florida Department of Revenue notice of—and an opportunity to be heard at—the final hearing on Appellee's petition for modification. For this proposition, Appellant cites no authority. Nor does she cite any authority for her implicit proposition that she has standing to raise on appeal the purported due process rights of a state agency. This Court is "under no duty to" give an answer where Appellant "merely pos[ed] a question . . . and then dump[ed] the matter into the lap of [this Court] for decision." *Lynn v. City of Ft. Lauderdale*, 81 So. 2d 511, 513 (Fla. 1955). Instead, "the duty rests upon the appealing party to make error clearly appear." *Id.* (citing *F E C News Co. v. Pearce*, 58 So. 2d 843 (Fla. 1952)). By failing to provide any authority for the argument she raises, Appellant has failed to carry her burden to demonstrate error.

We affirm, without further discussion, as to all other issues that Appellant raises. Therefore, we reverse in part the supplemental final judgment as to its retroactivity date, we affirm in part as to the other issues raised on appeal, and we remand for further proceedings.

AFFIRMED in part; REVERSED in part; REMANDED.

SOUD and BOATWRIGHT, JJ., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____