# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2023-3211
Lower Tribunal No. 2021-CA-003889-O

_____

NEIL AGUSTUS CUFF,

Appellant,

v.

ROBERT THIRSTON, II,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Eric J. Netcher, Judge.

November 1, 2024

PER CURIAM.

AFFIRMED.

TRAVER, C.J., and NARDELLA, J., concur.
LAMBERT, B.D., Associate Judge, concurs, with opinion.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

_____

LAMBERT, B.D., Associate Judge, concurring.

Appellant, Neil Cuff, appealed the final order dismissing his complaint for

damages against Appellee, Robert Thirston, II, in which Cuff alleged that Thirston, an attorney, had committed malpractice when he represented Cuff in an earlier suit that Cuff had filed against Florida Hospital.

The trial court dismissed the instant action for Cuff's failure to serve Thirston with process. Under Florida Rule of Civil Procedure 1.070(j), when service of the initial process and initial pleading is not made within 120 days after the filing of the initial pleading, the court, on its own initiative after notice or on motion, shall direct service to be effected within a specified time. If service of process is not thereafter perfected then, in cases where there is just one defendant, the court is to dismiss the action without prejudice. *Id.* However, if the plaintiff shows good cause or excusable neglect for the continued failure to serve the defendant with process, the court is to extend the time for service for "an appropriate period." *Id.*

Here, the final order of dismissal was rendered by what amounted to the third judge assigned in the case, approximately twenty-seven months from when Cuff filed his complaint. The first judge in the case had issued an order sixteen and one-half months after Cuff filed his complaint directing Cuff to serve process on Thirston within twenty days of the order or the case would be dismissed. Cuff did not do so; however, the next judge assigned to the case entered later orders giving Cuff additional extensions to serve process on Thirston, to no avail. Eventually, as indicated, the third judge in the case rendered the appealed final order of dismissal.

2

I concur with the majority's affirmance of the final order, but write to briefly address Cuff's two primary arguments on appeal.

Cuff interprets the orders entered by the second judge that granted him the additional extensions to serve process on Thirston as having authorized constructive service of process upon Thirston, a Florida resident, by publication in a local newspaper. He contends that the court erred by dismissing the case while he was in the process of constructively serving process.

Cuff misinterprets these orders, as they did not expressly grant him the authority to serve process on Thirston by publication. More significantly, the court could not have properly granted such a request. Section 49.011, Florida Statutes (2022), permits service of process by publication, but only for the enumerated types of cases listed therein. *See* § 49.011(1)–(15), Fla. Stat. Simply stated, section 49.011 does not authorize or permit constructive service of process in malpractice suits, such as Cuff's, seeking judgment for monetary damages. Moreover, whether Thirston was, in fact, evading personal service of process, or even if he had actual knowledge of the suit, is legally irrelevant in the analysis. *See Quisenberry v. Bates*, 359 So. 3d 1, 2 (Fla. 4th DCA 2023) (quoting *Drury v. Nat'l Auto Lenders, Inc.*, 83 So. 3d 951, 952 (Fla. 3d DCA 2012)).

Cuff also appears to argue that under Florida Rule of Civil Procedure 1.540(b), this court should reverse the trial court's final order of dismissal based on the order

3

having been rendered due to "mistake, inadvertence, surprise, or excusable neglect" by the trial court.  This argument lacks merit.  Rule 1.540(b) permits the filing of a motion in the trial court to seek relief from a final judgment or final order; it is not a tool independently used by an appellate court in a direct appeal to reverse a final order under review.

Finally, the fact that Cuff, as a pro se litigant, may arguably have been able to make better arguments for reversal is of no consequence because "it is not the function of [an appellate court] to rebrief an appeal [for a party]," *Figueroa v. Kossiver*, 336 So. 3d 1260, 1264 (Fla. 5th DCA 2022) (alterations in original) (quoting *Polyglycoat Corp. v. Hirsch Distribs., Inc.*, 442 So. 2d 958, 960 (Fla. 4th DCA 1983)), since "[p]ro se litigants are bound by the same rules that apply to counsel." *King v. Giardina*, 368 So. 3d 546, 546 (Fla. 1st DCA 2023) (citing *Cabrera v. Outdoor Empire, Inc.*, 134 So. 3d 573, 576 (Fla. 1st DCA 2014)).  It is the appellant's burden to demonstrate reversible error, "whether represented by counsel or not," *Steele v. Fla. Unemplmt. App. Comm'n*, 596 So. 2d 1190, 1192 (Fla. 1st DCA 1992), which, as evidenced by the majority's affirmance, was not established here.

_____

Neil Agustus Cuff, Tallahassee, pro se.

No Appearance for Appellee.

4