DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JON CHRISTOPHER FULLER,**
Appellant,

v.

**HCA FLORIDA JFK NORTH HOSPITAL,**
Appellee.

No. 4D2025-1976

[May 6, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Bradley G. Harper, Judge; L.T. Case No. 502025CA002555XXXAMB.

Jon Christopher Fuller, Greenacres, pro se.

John Carl Webber and Lucas Andrew Williams of Billing, Cochran, Lyles, Mauro & Ramsey, P.A., Palm Beach Gardens, for appellee.

PER CURIAM.

> It is the duty of counsel to prepare appellate briefs . . . to acquaint the Court with the material facts, the points of law involved, and the legal arguments supporting the positions of the respective parties. When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy. Again, it is not the function of the Court to rebrief an appeal. We basically work within the framework of the briefs . . . .

*Polyglycoat Corp. v. Hirsch Distribs., Inc.*, 442 So. 2d 958, 960 (Fla. 4th DCA 1983) (citations omitted).

The principles set forth in *Polyglycoat* apply to pro se litigants. *Walker v. Estate of Yee*, 376 So. 3d 758, 758 (Fla. 4th DCA 2024). Pro se litigants are bound by the same rules that apply to counsel; a pro se litigant is still required to adequately present his arguments on appeal. *Id.* The deficiencies in the appellant's brief mandate affirmance. *See Lynn v. City*

*of Ft. Lauderdale*, 81 So. 2d 511, 513 (Fla. 1955).

*Affirmed.*

FORST, KLINGENSMITH and SHEPHERD, JJ., concur.

*      *      *

**Not final until disposition of timely-filed motion for rehearing.**