742 So.2d 301 (1998)
WAL-MART STORES, INC. and Claims Management, Inc., Appellants,
v.
Sandra LOPEZ, Appellee.
No. 97-3053.
District Court of Appeal of Florida, First District.
October 7, 1998.
William H. Rogner of Hurley, Rogner, Miller, Cox & Waranch, P.A., Orlando, for Appellants.
L. Mark Kaylor, Sebring, and Bill McCabe, Longwood, for Appellee.
PER CURIAM.
In this worker's compensation appeal, Wal-Mart Stores, Inc., and Claims Management, Inc. (jointly the employer/carrier), appeal an order of the Judge of Compensation Claims (JCC) determining claimant's entitlement to temporary total disability benefits, temporary partial disability benefits, and permanent total disability benefits. We affirm the order in all respects. We write to address the argument of the employer/carrier that the JCC improperly awarded disability benefits for a total of 108 weeks, exceeding the 104 week maximum allowed by statute. Even if the awards of temporary total disability benefits and temporary partial disability benefits exceed the total of 104 weeks allowed by section 440.15(2)(a), Florida Statutes (Supp.1994) and section 440.15(4)(b), Florida Statutes (Supp.1994), this error was not preserved for appellate review by the employer/carrier. The question of whether the length of disability benefits exceeded that allowed by statute was not raised before the JCC. Even if the *302 employer/carrier is correct in its assertion about the length of awarded disability benefits, it is apparent to us that this issue involves a technical error that was readily correctable by a motion for rehearing. See rule 4.141, Florida Rules of Workers' Compensation Procedure. This court explained in Sunland Hosp./State of Florida v. Garrett, 415 So.2d 783, 785 (Fla. 1st DCA 1982), that:
[I]n workers' compensation appeals, ... we will not reverse for a readily correctable technical error that the [JCC] was not asked to correct within the time available for correction.
(Citations omitted); see also Acosta Roofing Co. v. Gillyard, 402 So.2d 1321, 1322 (Fla. 1st DCA 1981); Albertson's, Inc. v. Natale, 555 So.2d 946, 948 (Fla. 1st DCA 1990); Aircraft Servs. v. Reyes, 582 So.2d 66, 67 (Fla. 1st DCA 1991). Accordingly, we decline to disturb this award.
AFFIRMED.
ERVIN, BOOTH and VAN NORTWICK, JJ., concur.