857 So.2d 365 (2003)
Deana B. JELLISON, Appellant,
v.
DIXIE SOUTHERN INDUSTRIAL, INC., Appellee.
No. 1D02-1790.
District Court of Appeal of Florida, First District.
October 24, 2003.
*366 Gerald A. Rosenthal and Randy D. Ellison, of Rosenthal & Weissman, West Palm Beach, for appellant.
H. George Kagan, of Miller, Kagan, Rodriguez and Silver, P.A., West Palm Beach, for appellee.
WOLF, C.J.
This is a challenge to the final order of the Judge of Compensation Claims (JCC) denying workers' compensation and dependency benefits. Appellant raises five points on appeal, two of which merit brief discussion: 1) Whether the JCC's order was stale; and 2) whether the JCC erred in adopting the proposed order of the employer/carrier (E/C) without providing guidance to the parties as to how she was going to rule. We affirm because the issues were not properly preserved by timely objection, but we write to note that our affirmance should not be construed as approval of the JCC's method of handling this case.
At the final hearing held on August 20, 2001, four witnesses testified live. The remaining witness testimony, including all the medical testimony, was offered through deposition exhibits. At the conclusion of the hearing, the court allowed the parties to submit post-trial memorandum within 10 days. The court made no oral findings at the conclusion of the hearing.
On March 13, 2002, the JCC sent a letter to both parties directing them to prepare proposed orders for review within 10 days. Neither party expressed any concern over the delay in the JCC's issuance of an order. The E/C submitted its proposed order on March 25, 2002; the claimant sent a proposed order on March 26, 2002.
On April 18, 2002, the JCC rendered the final order denying appellant's claim for death benefits and attorney's fees and costs. That order is almost identical to the order submitted by the E/C.
During the 23 days after submission of the proposed order by the E/C until the final order was issued, the claimant did not comment or object concerning the substance of the order or the procedure being utilized by the JCC. On appeal, however, appellant challenges both the staleness of the order and the procedure which was utilized by the JCC. As evidence of the JCC's failure to properly consider the case appellant asserts that there was a lack of competent substantial evidence to support certain findings made in the order ultimately adopted by the JCC.[1]
In workers' compensation cases, as in other cases, we will not consider arguments which were not presented in a meaningful way to the lower tribunal. We have specifically determined that any arguments concerning staleness of a final order must be preserved for appeal. Rivendell of Ft. Walton v. Petway, 833 So.2d 292 (Fla. 1st DCA 2002). Similarly if there is any opportunity to do so, such as in this case, an objection concerning the content of the proposed final order or the procedure being utilized should have first *367 been presented to the JCC. See Wal-Mart Stores, Inc. v. Lopez, 742 So.2d 301 (Fla. 1st DCA 1998); Fla. Refrigerated Serv. v. Meeks, 470 So.2d 820 (Fla. 1st DCA 1985).
Appellant argues that there was no opportunity to object. We find this argument without merit. A motion addressed to the timely issuance of an order or a written objection could have been filed at any time. When the letter was sent by the JCC requesting proposed orders, objections could have been raised. During the period between submission of the proposed orders and issuance of the final order appellant could have objected to both the content and the procedure. We therefore affirm.[2]
BROWNING and HAWKES, JJ., Concur.
NOTES
[1] While we do not necessarily agree with this assertion we point it out to demonstrate that if there were findings in the E/C's proposed order which were totally unsupported by the evidence appellant should have brought it to the JCC's attention.
[2] This affirmance shall not be considered approval of the untimeliness of the order or the procedures utilized by the JCC. Section 440.25, Florida Statutes, clearly contemplates that a final order will be issued within 30 days of completion of the hearing. We have several cases before the court where this particular JCC has sent untimely letters to both parties requesting proposed orders. She has given no indication how she was going to rule nor has she specifically granted the parties the opportunity to object to the proposed orders. Signing a proposed order without any significant changes in situations where an inordinate delay has occurred creates the impression that lawyers are deciding cases rather than the judges. See Ross v. Botha, 28 Fla. L. Weekly D2182, ___ So.2d ___, 2003 WL 22136080 (Fla. 4th DCA Sept. 17, 2003); Corporate Mgmt. Advisors, Inc. v. Boghos, 756 So.2d 246 (Fla. 5th DCA 2000).