897 So.2d 501 (2005)
William N. NELSON, Appellant,
v.
LABOR FINDERS, Gallagher Bassett Services, Inc., and Florida Department of Insurance, Division of Workers Compensation, Appellees.
No. 1D03-5104.
District Court of Appeal of Florida, First District.
February 28, 2005.
*502 Patrick J. Deese of Melbourne and Bill McCabe of Longwood, for Appellant.
Mark A. Faris of Hinshaw & Culbertson, Ft. Lauderdale, for Appellees.
ALLEN J.
The appellant/claimant in this workers' compensation appeal challenges a final order of the judge of compensation claims by which compensability of the appellant's industrial injury was denied upon a finding, in accordance with sections 440.09(4) and 440.105(4)(b), Florida Statutes, that the appellant knowingly made false, fraudulent, misleading, and incomplete statements with respect to facts material to one of his claims for benefits. In making this finding, the judge considered records relating to the appellant's prior treatment in a drug and alcohol treatment center. Rejecting the appellant's argument that federal law precluded disclosure and consideration of these records, we affirm the order under review.
The appellant suffered an injury in an industrial accident on July 5, 2000. He filed two petitions for benefits related to that accident. In the first petition, he sought various medical and indemnity benefits. And in the second petition, he sought psychiatric/psychological evaluation and in-patient treatment for his addiction to prescription narcotics. His theory of *503 recovery under the second petition was that his addiction had resulted from administration of the medicines prescribed for his industrial injury. The appellant was deposed and denied having been diagnosed with a prior addiction to narcotics or having previously been a regular user of narcotics. He thereafter dismissed his second petition, and the case proceeded to a final hearing on only the first petition.
At the final hearing, the appellees/employer and carrier asserted that the appellant's deposition testimony contained false, fraudulent, misleading, or incomplete statements regarding the appellant's prior drug use and addiction. As proof of this alleged violation, the appellees sought to introduce patient records from a drug and alcohol treatment center. These records indicated that the appellant had received treatment in 1998 for a long-term addiction to narcotics. The appellant objected that the records in question involved confidential communications that were privileged under federal law, but the judge overruled the objection, concluding that the appellant had waived the privilege by offering testimony regarding the content of these communications and that good cause existed to order their disclosure.
On appeal, the appellant maintains his argument that his drug treatment records were privileged under federal law. As he correctly notes, 42 U.S.C. section 290dd-2 restricts the disclosure of information relating to the identity, diagnosis, and treatment of a patient in a federally assisted drug or alcohol abuse program. But as the judge of compensation claims properly observed, even the most confidential communications protected under section 290dd-2 are subject to disclosure when good cause exists to order their disclosure and when the disclosure is in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the communications. See 42 U.S.C. § 290dd-2(b)(2)(C), 42 C.F.R. §§ 2.63(a)(3), 2.64(d).
Although the appellant does not specifically reference the term "good cause" in his arguments on appeal, he essentially asserts that good cause can only exist if the disclosure of privileged records is necessary to avert a substantial risk of death or serious bodily harm. He correctly points out that 42 U.S.C. 290dd-2(b)(2)(C) provides that records may be disclosed
[i]f authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor, including the need to avert a substantial risk of death or serious bodily harm. In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure.
But this provision does not limit good cause determinations to only those circumstances in which there is a need to avert a substantial risk of death or serious bodily harm. Significantly, the criteria for entry of an order under 42 U.S.C. 290dd-2(b)(2)(C) are set forth in 42 C.F.R. section 2.64(d) as follows:
An order under this section may be entered only if the court determines that good cause exists. To make this determination the court must find that: (1) Other ways of obtaining the information are not available or would not be effective; and (2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.
*504 There is no indication in this provision that there must also exist a risk of death or serious bodily harm.
Accordingly, the judge did not err by concluding that good cause existed for disclosure of the claimant's treatment records because the records were essential to a proper determination of the merits of the appellees' fraud defense, a defense founded upon important public policy considerations. Additionally, by denying prior drug use or treatment for a narcotics addiction, the appellant placed himself squarely within the exception specified in 42 C.F.R. section 2.63(a)(3) because he offered testimony pertaining to the content of the confidential communications he sought to protect. See Fannon v. Johnston, 88 F.Supp.2d 753 (E.D.Mich.2000).
The order under review is affirmed.
VAN NORTWICK and PADOVANO, JJ., concur.