936 So.2d 1109 (2006)
Michael PAULSON, Appellant,
v.
DIXIE COUNTY EMERGENCY MEDICAL SERVICES and Florida League of Cities, Inc., Appellees.
No. 1D05-2337.
District Court of Appeal of Florida, First District.
July 26, 2006.
Rehearing Denied September 1, 2006.
Victor J. Musleh, Jr., Ocala, and Bill McCabe, Longwood, for Appellant.
Lamar D. Oxford and Alan D. Kalinoski of Dean, Ringers, Morgan & Lawton, P.A., Orlando, for Appellees.
HAWKES, J.
Claimant appeals the dismissal of his petition for benefits. The Judge of Compensation Claims (JCC) found Claimant provided false, fraudulent, incomplete or misleading statements to obtain workers' compensation benefits in a workers' compensation case unconnected to his instant workers' compensation case, and concluded *1110 Claimant was barred from receiving benefits. We reverse.
Claimant, a paramedic, obtained benefits for three work-related accidents in three years.[1] In February 1999, he claimed injury to his head, neck and back when the ambulance in which he was a passenger hit a semi-truck. In April 2000, he claimed injury to his left wrist and arm while picking up a respiratory bag when responding to an emergency. In June 2001, he claimed injury to his head, shoulder and the left side of his back when the chair in which he was sitting suddenly broke. The third accident is at issue here.
The employer and carrier (E/C) provided benefits for the claims in the first two accidents. The E/C never defended either of those claims on grounds that Claimant committed any of the acts prohibited in section 440.105(4)(b), Florida Statutes. However, the E/C denied the third accident actually occurred and, consequently, argued Claimant did not suffer any injury within the course and scope of employment. See § 440.09(1), Florida Statutes.
Following an evidentiary hearing, the JCC concluded Claimant did suffer a workplace accident, which resulted in the claimed injury. However, the JCC denied the claim, finding Claimant made false, fraudulent, incomplete or misleading statements as defined in section 440.105(4)(b), to obtain workers' compensation benefits for the second workplace accident. Specifically, the JCC found Claimant misrepresented his physical capabilities while he was receiving temporary total disability benefits. Although competent, substantial evidence supports the JCC's conclusion that Claimant committed one of the prohibited acts of section 440.105(4)(b) in a different workers' compensation claim, the JCC erred in applying the exclusion of 440.09(4) to the instant workers' compensation claim.
This court has interpreted section 440.105(4)(b) to include false, fraudulent, incomplete or misleading statements that are immaterial to the claim if the statements were made for the purpose of obtaining benefits. See Village of N. Palm Beach v. McKale, 911 So.2d 1282 (Fla. 1st DCA 2005). However, we have never applied the section 440.09(4) exclusion from coverage to a claim for workers' compensation benefits in a different workers' compensation case than the case in which the 440.105(4)(b) acts were committed. Each case excluding coverage pursuant to section 440.09(4) involved the same case in which the false, fraudulent, incomplete or misleading statements were made, and that claim was currently before the JCC. See id.; Citrus Pest Control & Claims Control, Inc. v. Brown, 913 So.2d 754 (Fla. 1st DCA 2005); Nelson v. Labor Finders, 897 So.2d 501 (Fla. 1st DCA 2005).
This result is mandated by the plain language of section 440.09, which defines when coverage is available. Section 440.09(1), Florida Statutes, in part, mandates coverage when an employee suffers "an accidental injury or death arising out of work performed in the course and the scope of employment." This provision applies to a specific accident. Pursuant to the statute, coverage may be limited or denied even when the requirements of subsection (1) have been met, if any of the exclusions or limitations of coverage found in subsections (2) through (8) apply.
Section 440.09(4), at issue here, excludes coverage if the employee engaged in any of the acts described in section 440.105(4)(b). Logically, and from the statutory language, there is no indication that the Legislature intended the subsection (4) exclusion *1111 to apply to injuries unconnected with the acts proscribed in section 440.105. To require coverage be forever barred simply because the employee had, at one time, committed one of the 440.105 proscribed acts would be unduly harsh.
Consequently, to be barred from receiving workers' compensation benefits based on section 440.09(4), any false, fraudulent, incomplete or misleading statements must have been made in the case for which workers' compensation benefits are currently being sought. Thus, the bar to receiving workers' compensation benefits based on false, fraudulent, misleading or incomplete statements is claim specific. That is, the statements must be made to obtain workers' compensation benefits in the claim at issue before the JCC.
Here, the sole basis for dismissing Claimant's 2001 workers' compensation claim was the JCC's finding of misrepresentation connected to the 2000 workers' compensation claim. Because the JCC's ruling is not supported by statute, the order dismissing Claimant's petition for benefits is REVERSED and REMANDED.
ALLEN and LEWIS, JJ., concur.
NOTES
[1] It is interesting to note that Claimant filed approximately 22 claims in 31 years, through either workers' compensation or personal insurance. The claims related to alleged injuries to his knees, back, head, neck, wrist, chest, and sprains of multiple body parts.