996 So.2d 233 (2008)
Stuart H. HAMILTON, Appellant,
v.
R.L. BEST INTERNATIONAL and Protegrity Services, Inc., Appellees.
No. 1D07-3587.
District Court of Appeal of Florida, First District.
November 6, 2008.
Rehearing Denied December 17, 2008.
*234 Bill McCabe, Longwood; and Jonathan I. Rotstein, Daytona Beach, for Appellant.
Nancy A. Blastic of Moore, Peterson & Zeitler, P.A., Orlando, for Appellees.
PADOVANO, J.
The question presented by this appeal, whether the deauthorization of a treating physician can be judicially approved after the fact, is one that arose for the first time in the final order by the Judge of Compensation Claims. Prior to the entry of the final order, the claimant did not argue that it would be inappropriate for the judge to make a determination such as this. Nor did he object to the order once it was entered.
Most issues are raised by an argument that is presented during the course of the proceeding and resolved in the final order. In some instances, however, the issue may be one that arises for the first time in the final order itself. This is not unusual in workers' compensation cases. As we observed in Sunland Hospital of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982), "Sometimes in workers' compensation cases, complex legal issues have a way of attracting attention only after the [judge] has entered a compensation order and the order has been appealed." We went on to explain that the preservation of error requirement is not excused merely because the issue is one that arose for the first time in the final order. The aggrieved party still has the obligation to object in the lower tribunal and obtain a ruling on the objection.
If the error is one that first appears in the final order, the aggrieved party must bring it to the judge's attention by filing a motion for rehearing. We have often applied this rule to technical errors that could easily be corrected on rehearing. See Wal-Mart Stores, Inc. v. Lopez, *235 742 So.2d 301 (Fla. 1st DCA 1998). However, the underlying principle has been applied, as well, to a substantive error that was not brought to the judge's attention prior to filing the appeal. See Sunland Hosp. (declining to consider an issue of compensability on the ground that it arose for the first time in the final order and was not presented to the lower tribunal in a motion for rehearing).
The preservation of error requirement is not ordinarily completed until the aggrieved party has obtained a ruling on the motion or objection made in the lower tribunal. See Fleming v. Peoples First Fin. Sav. & Loan Ass'n, 667 So.2d 273 (Fla. 1st DCA 1995). It is the decision of the lower tribunal that is reviewed on appeal, not the issue. This aspect of the preservation requirement may be relaxed for workers' compensation issues that arise for the first time in the final order. We have held that a motion for rehearing is required, but we recognize that in workers' compensation cases a motion for rehearing does not toll the time for taking an appeal. Hence, we conclude that if a motion for rehearing is required to preserve an issue in a workers' compensation case, the absence of a ruling on the motion will not defeat the preservation requirement. Although we might have excused the lack of a ruling, we cannot excuse the fact that the aggrieved party in this case did not bring the issue to the judge's attention.
For these reasons, we conclude that the issue was not preserved for review and we therefore affirm.
THOMAS, J., concurs; BROWNING, C.J., dissents with written opinion.
BROWNING, C.J., dissents.
In my view, because the majority unwarrantedly expands the principle of preservation to affirm the Judge of Compensation Claims' (JCC) erroneous denial of Claimant's substantive rights, I dissent from its opinion.
Here, the majority denies Claimant relief because the issue was allegedly first addressed in the JCC's final order and Claimant failed to file a motion for rehearing. However, the record substantially refutes this premise: The JCC in his order stated: "Again, notwithstanding this Court's finding that the Employer/Carrier, in fact, unilaterally de-authorized Dr. Jungries, the undersigned rejects the Claimant's argument that the Employer/Carrier may not unilaterally de-authorize a physician under the terms of Florida Statutes § 440.13 (1997) [emphasis added]." I believe this statement irrefutably shows that Claimant did present the issue of E/C's authority to unilaterally de-authorize Claimant's treating physician to the JCC. Thus, I cannot agree that the issue was not preserved.
Significantly, even assuming arguendo that the issue was not addressed by Claimant and was first addressed only in the JCC's final order, the case is still unaffirmable under existing precedent. Heretofore, this court has imposed a rehearing requirement for a technical violation only. See Wal-Mart (JCC erroneously awarded 108 weeks of disability, exceeding the statutory maximum of 104 weeks, obviously a scrivener's error).
Furthermore, it is significant that the majority can cite as precedent only Sunland Hospital; that case provides no precedential impact whatsoever. There, all of the issues found to be non-preserved were issues never presented to, and addressed by, the JCC, and were first presented to this Court for a ruling. There were no rulings at all on the appellate issues by the JCC. Thus, Sunland Hospital is clearly a case involving non-preservation of substantive issues, a matter which is not even *236 remotely similar to what occurred here: a ruling entered pursuant to Claimant's contentions.
Finally, the processing of workers' compensation claims is statutorily designed to provide prompt payment to injured employees, who are often ill-funded and in poor position to "haggle" over legal niceties such as preservation. I find no charm in "yoking" the process by extending legal technicalities that result in defeating an admittedly meritorious claim, unless mandated by cogent circumstances. No such circumstances exist here as we impose by judicial proclamation yet another non-beneficial technicality that impedes rather than facilitates the processing of claims.
For these reasons, I would REVERSE and REMAND for correction of the JCC's admitted error.