PER CURIAM.
 

 In these consolidated appeals, Claimant 'raises two issues. The first concerns the Judge of Compensation Claims’ (JCC) award of costs to the Employer/Carrier (E/C) pursuant to section 440.34(3), Florida Statutes. The second concerns the JCC’s finding that Claimant’s claim for an independent medical examination (IME) was barred by the statute of limitations. For the reasons explained below, we re
 
 *754
 
 verse as to the first issue. We affirm as to the second without further comment.
 

 Claimant filed two petitions for benefits (PFBs), one of which requested, inter alia, an orthopedic IME. Both PFBs pertained to the same August 15, 2003, date of accident. In response to these PFBs, the E/C filed two motions for summary final order, and in both motions asserted entitlement to costs pursuant to section 440.34, Florida Statutes. The JCC granted both summary final order motions, and awarded the E/C costs payable by Claimant pursuant to section 440.34(3), Florida Statutes.
 

 On appeal, the E/C concedes the award of prevailing party costs was error, because Claimant’s date of accident predates the October 1, 2003, version of section 440.34(3), which permits such an award. The E/C asserts, however, that citation to that section in both of their motions, and in both of the JCC’s summary final orders, was a scrivener’s error. The E/C contends the proper statutory basis for awarding costs was section 440.32, Florida Statutes.
 

 Section 440.32(1) provides for an award of costs if the JCC “determines that the proceedings in respect of such claim or order have been instituted or continued without reasonable ground.... ” Section 440.32(2) provides for an award of costs if the JCC “determines that the proceedings were maintained or continued frivolously....” However, in neither of the E/C’s motions for summary final order did the E/C assert Claimant’s PFBs included claims instituted or maintained without reasonable ground, or that the PFBs themselves were maintained or continued frivolously. Likewise, the JCC made no such findings in either of her orders. Significantly, the E/C did not attempt to correct the purported scrivener’s error by filing a motion for rehearing or clarification.
 
 See Wal-Mart Stores, Inc. v. Lopez,
 
 742 So.2d 301, 302 (Fla. 1st DCA 1998) (holding this court will not reverse a JCC’s order for a readily correctable technical error that the JCC was not asked to correct within the time available for correction).
 

 Consequently, to the extent, if any, the JCC erred in not awarding costs pursuant to section 440.32, Florida Statutes, the error was invited by the E/C. Thus, they cannot argue on appeal that the JCC was mistaken in basing her cost award on section 440.34, Florida Statutes.
 
 See Muina v. Canning,
 
 717 So.2d 550, 553 (Fla. 1st DCA 1998) (holding that, under the “invited error” rule, a party cannot successfully complain about error for which it is responsible).
 

 Because the JCC incorrectly applied the post-October 1, 2003 version of section 440.34(3), Florida Statutes, to a claim with a pre-October 1, 2003, date of accident, the JCC’s award of costs to the E/C pursuant to that statute was reversible error. REVERSED in part, AFFIRMED in part, and REMANDED for proceedings consistent with this opinion.
 

 BARFIELD, THOMAS, and CLARK, JJ., concur.