HAWKES, C.J.
 

 Claimant challenges the legal sufficiency of an order of the Judge of Compensation (JCC) that denies temporary partial disability (TPD) benefits. Claimant argues that the order fails to contain sufficient findings of ultimate fact, making meaningful appellate review impossible. Because this issue was not preserved, we affirm.
 

 On appeal, Claimant does not raise a substantive argument as to the JCCs application of section 440.15(4)(a)-(e), Florida Statutes (2007), which establishes the legal standard for an award of TPD benefits. Rather, Claimant argues as the basis for reversal that the JCCs order is deficient because it fails to contain ultimate findings of fact regarding the denial of TPD benefits, and that the findings contained in the order are conelusory and prohibit meaningful appellate review. Although Claimants argument has merit, he failed to preserve the issue by bringing the deficiencies to the JCCs attention to allow clarification or amendment prior to initiating the appeal. For this reason, we affirm.
 

 Preservation of Error
 

 This court has held that where an order does not contain the degree of specificity necessary to determine how the JCC reached her conclusions, it must be remanded for additional findings,
 
 see Trujillo v. S. Wine & Spirits,
 
 525 So.2d 481, 484 (Fla. 1st DCA 1988); we have never excused, however, the requirement that a party seeking appellate review must preserve an issue by first presenting the perceived deficiency to the JCC.
 

 Traditional rules of preservation of issues apply to workers’ compensation appeals.
 
 Cf. Jettison v. Dixie S. Indus., Inc.,
 
 857 So.2d 365, 366-67 (Fla. 1st DCA 2003) (affirming JCC’s order because issues on appeal were not preserved by timely objection below). For an issue to be preserved for appeal, it must be presented to the lower court and the specific
 
 *650
 
 legal argument or ground to be argued on appeal must be part of that presentation.
 
 See Anderson v. Wagner, DPM, 955
 
 So.2d 586, 590 (Fla. 5th DCA 2006). If there is any opportunity to do so, an objection concerning the content of an order or the procedures being utilized should first be presented to the JCC.
 
 See Jellison,
 
 857 So.2d at 366-67.
 

 “In workers’ compensation cases, as in other cases, we will not consider arguments which were not presented in a meaningful way to the lower tribunal.”
 
 Id.
 
 at 366. When “the issue ... arises for the first time in the final order” or “[i]f the error is one that first appears in the final order,” an objection must be preserved by filing a motion for rehearing on the issue.
 
 Hamilton v. R.L. Best Int’l,
 
 996 So.2d 233, 234 (Fla. 1st DCA 2008).
 

 The very purpose of a motion for rehearing is to allow the JCC, the sole finder of fact and arbiter of law, the opportunity to consider, correct, and clarify any perceived errors, whether factual or legal, before an order becomes final.
 
 See
 
 Fla. Admin. Code R. 60Q-6.122(l)-(5). Because reversal by this court on the basis of insufficient findings of facts will result only in a remand for the JCC to do precisely that which was available by way of rehearing — i.e., make additional findings of fact
 
 *
 
 —preservation is necessary. A contrary result would discourage parties from bringing such matters to the JCC’s attention, a process which would waste judicial resources and unnecessarily delay the ultimate disposition of cases.
 

 In rendering our ruling, we are mindful that in workers’ compensation proceedings a motion for rehearing does not toll the time for taking an appeal.
 
 Hamilton,
 
 996 So.2d at 234. And, under the procedural rules governing workers’ compensation proceedings, the JCC is not required to vacate a final order upon receiving a motion challenging the contents of an order not yet final.
 
 See
 
 Fla. Admin. Code R. 60Q-6.122(5) (stating JCC’s act of vacating order is discretionary). Nevertheless, the absence of a ruling on a motion for rehearing will not defeat the preservation requirement,
 
 Hamilton,
 
 996 So.2d at 233, and procedurally, this court may consider the absence of a ruling as a denial of the motion.
 
 Cf. Betancourt v. Sears Roebuck & Co.,
 
 693 So.2d 680, 682 (Fla. 1st DCA 1997) (en banc) (explaining for jurisdictional purposes this court will consider a JCC’s failure to rule on a ripe issue as a denial).
 

 Because Claimant failed to preserve the issue raised in this appeal, the order on appeal is AFFIRMED.
 

 WOLF and WETHERELL, JJ., concur.
 

 *
 

 See generally Mitchell v. XO Commc'ns,
 
 3 So.3d 1278 (Fla. 1st DCA 2009) (remanding to JCC for findings of fact where order's lack of clarity prohibited meaningful appellate review).