HAWKES, C.J.
 

 Claimant challenges the judge of compensation claims’ (JCC) final order dismissing a “petition for benefits and for attorney’s fees and costs” with prejudice. Claimant argues the JCC erroneously granted a motion to dismiss without conducting an evidentiary hearing based on the mistaken belief that Claimant failed to file a responsive pleading to the motion. Although it is true the JCC overlooked Claimant’s response to the motion, the Final Order should be affirmed for two reasons.
 

 First, upon discovery of the error in the order, Claimant failed to preserve the issue for appeal by filing a motion for rehearing with the JCC. Second, even if the Court ignores the fact that the issue is not preserved, Claimant’s appeal fails on its merits because the JCC acted reasonably by dismissing the claim with prejudice. Consequently, we affirm.
 

 FACTS
 

 On February 18, 2009, Claimant failed to appear for a duly-noticed deposition on February 13. Claimant did not file a motion for protective order indicating she would be unable to attend the deposition.
 

 On February 18, 2009, the JCC ordered Claimant to appear for deposition within thirty days from the date of the order (April 13). On Friday, April 10, Claimant filed an emergency motion for protective order seeking relief from the court’s order to appear. On April 14, the JCC denied the motion. Claimant failed to appear for deposition on April 13.
 

 On May 11, the E/C filed the motion at issue. Claimant filed a timely response and requested a hearing be held on the motion.
 

 On June 11, the JCC issued a Final Order finding that Claimant’s “repeated failure to appear for deposition and failure to comply with the court’s [March 13] order constitute[d] a deliberate and willful
 
 *159
 
 disregard for the court’s authority.” The JCC overlooked Claimant’s response to the motion, holding that pursuant to Florida Administrative Code Rule 60Q-6.115(4) a ruling without a hearing was appropriate since Claimant did not file a response pleading. The JCC dismissed Claimant’s petition for benefits with prejudice and awarded the E/C reimbursement of attorney’s fees and costs incurred as a result of Claimant’s noncompliance.
 

 Preservation Issue
 

 Any arguments raised on appeal must have first been preserved by a timely objection below.
 
 See Jellison v. Dixie S. Indus., Inc.,
 
 857 So.2d 365, 366-67 (Fla. 1st DCA 2003). If an error appears for the first time in a JCC’s final order, an objection to the error must be preserved by filing a motion for rehearing on the issue.
 
 See Hamilton v. R.L. Best Int’l,
 
 996 So.2d 233, 234 (Fla. 1st DCA 2008);
 
 see also
 
 Fla. Admin. Code R. 60Q-6.122 (allowing a post-order request for rehearing when JCC overlooks or misapprehends issues of fact or law). The purpose of the preservation rules is to prevent parties from taking advantage of the appellate process without first allowing the JCC an opportunity to address any perceived errors.
 
 Id.
 

 Here, the JCC’s error did not appear until issuance of the Final Order. Upon issuance of the order, Claimant immediately appealed to this Court. Claimant did not file a motion for rehearing after dismissal of her claim. Because Claimant failed to file a motion for rehearing, her argument is not preserved for appellate review. Regardless, we also affirm on the merits.
 

 Merits
 

 Even if the Claimant had preserved this issue for appellate review, her claim would still be unsuccessful since she willfully failed to appear for two duly-noticed and scheduled depositions, one of which was court ordered.
 

 The standard of review for an order dismissing a party’s claim with prejudice is whether the JCC abused his discretion.
 
 See Hill v. Greyhound Lines, Inc.,
 
 988 So.2d 1250, 1251 (Fla. 1st DCA 2008). A court abuses its discretion when no reasonable person could reach the same conclusion.
 
 See Canakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980).
 

 This Court will not reverse a dismissal with prejudice if the dismissal is supported by a specific, written finding that the offending party willfully or deliberately acted in violation of the JCC’s order.
 
 See Queen v. Adams Mark Hotel,
 
 728 So.2d 804, 805 (Fla. 1st DCA 1999).
 

 Here, the JCC had before him two certificates of non-appearance verifying Claimant’s failure to appear for two depositions; and a judicially noticed March 13 order granting the E/C’s motion to compel. Although Claimant attempted to relieve herself from complying with the court-ordered deposition by filing an emergency motion, this motion was not filed until one business day prior to the date of the deposition.
 

 Claimant’s motion, in and of itself, was proof of her willful disregard of the court’s order to compel attendance at the April 13 deposition. Claimant filed the emergency motion citing her relocation to Ohio in December 2008. However, the JCC received a letter from Claimant’s attorneys on February 11 informing the court of the move to Ohio. In other words, Claimant and her attorneys were fully aware of the relocation in February 2009, two months prior to Claimant’s emergency motion. Nonetheless, Claimant waited until one
 
 *160
 
 business day before the deposition to seek relief from the court.
 

 Considering the court’s findings, the JCC reasonably inferred the Claimant -willfully disregarded a court order by failing to appear for the March 13 deposition. Since the JCC’s inference was reasonable, the dismissal of the claim with prejudice does not constitute an abuse of discretion.
 

 Conclusion
 

 Even if Claimant had not failed to preserve this issue for appeal, she would have failed based on the merits of the ease. Accordingly, the JCC’s order is AFFIRMED.
 

 THOMAS, J., concurs.
 

 BENTON, J., dissents without opinion.