BENTON, C.J.
Below the judge of compensation claims denied Candelario Carrillo’s claims for permanent, total disability benefits, attorney’s fees, interest, and costs; and ordered him to pay taxable costs to his former employer, Case Engineering, Inc., and to The Claims Center. We reverse the costs award as statutorily unauthorized; and reverse the order denying all of claimant’s attorney’s fees because, in defeating the affirmative defense contemplated by sections 440.09 and 440.105, the claimant prevailed on an issue of compensability.
Mr. Carrillo’s injury on a construction site on August 27, 1996, caused temporary, *1215 partial disability, and required medical care and treatment. The industrial accident resulted in temporary partial disability benefits, now long since paid in full, as well as in medical benefits that were still being provided when he filed the petition for additional benefits that began the present proceeding. The medical benefits are still payable because he prevailed in resisting the affirmative defense based on sections 440.09 and 440.105, “frequently referred to as the ‘fraud defense.’ ” Arreola v. Administrative Concepts, 17 So.3d 792, 793 (Fla. 1st DCA 2009).
After the final hearing, the judge of compensation claims denied permanent total disability benefits and all other affirmative relief, but also expressly rejected the fraud defense, ruling that “the testimony of the Claimant is evasive, unreliable and inconsistent but does not rise to the level of fraud.” In the same order, the judge of compensation claims required the claimant to reimburse the other parties’ costs. The present appeal follows subsequent denial of the claimant’s motion for rehearing, to vacate, and for attorney’s fees.
In his motion for rehearing, Mr. Carrillo argued that no statute authorized an award of costs against a claimant for mere failure to prevail on a petition for benefits. In their response, Case Engineering, Inc., and The Claims Center conceded the costs award in their favor was error. Even so, the judge of compensation claims denied the motion for rehearing in toto, thus letting the costs award stand. We now reverse the costs award, because the Workers’ Compensation Act in effect on the date of the accident did not authorize such an award. See Trent v. Charlotte Sanitation, 31 So.3d 938 (Fla. 1st DCA 2010) (reversing award of costs to prevailing employer and carrier in case involving an accident that took place before October 1, 2003); Kaloustian v. Tampa Armature Works, Inc., 5 So.3d 753, 754 (Fla. 1st DCA 2009) (concluding judge of compensation claims erred in applying after-enacted version of section 440.34(3) to pre-2003 accident as basis for awarding costs against claimant).
The judge of compensation claims also refused to award attorney’s fees to the claimant, even though (without identifying any subsection of 440.34) the petition for benefits had included a claim for attorney’s fees based on the statute. The parties’ prehearing stipulation specified section “440.34(3)(b)(c),” as the basis for the attorney’s fees claim, a stated basis that did not change when Case Engineering, Inc., and The Claims Center were granted leave to amend the prehearing stipulation to raise the defense under sections 440.09 and 440.105 that the claimant eventually defeated. The rehearing motion again urged entitlement on the basis of section 440.34(3)(c).
Asserting entitlement to attorney’s fees on the basis of section 440.34(3)(e) adequately preserved for appeal denial of the attorney’s fees claimant sought for successfully defending against the fraud defense predicated on sections 440.09 and 440.105. Case Engineering, Inc., and The Claims Center argue unpersuasively otherwise, citing discussion of section 440.34(2) and (3) in the concurring opinion in Chandler v. Centex Rooney Construction Co., 15 So.3d 837, 839 (Fla. 1st DCA 2009). But the petition described in the Chandler concurring opinion — which does not, after all, constitute binding authority, see Lendsay v. Cotton, 123 So.2d 745, 746 (Fla. 3d DCA 1960) (“A concurring opinion has no binding effect as precedent; such an opinion represents only the personal view of the concurring judge and does not constitute the law of the case.”) — differs from the petition for benefits in the present case, in that the petition here relied on section *1216 440.34 without limitation, although the parties’ later stipulation concededly narrowed the statutory basis originally set forth.
Section 440.34(3)(c), Florida Statutes (1995), provides that “a claimant shall be entitled to recover a reasonable attorney’s fee from a carrier or employer ... [i]n a proceeding in which a carrier or employer denies that an injury occurred for which compensation benefits are payable, and the claimant prevails on the issue of compensa-bility.” Section 440.09(4)(a), Florida Statutes (2009), located within the “coverage” provisions of chapter 440, provides that “[a]n employee shall not be entitled to compensation or benefits under this chapter if any judge of compensation claims ... determines that the employee has knowingly or intentionally engaged in any of the acts described in s. 440.105 or any criminal act for the purpose of securing workers’ compensation benefits.”
By order entered September 2, 2009, the judge of compensation claims granted a motion for leave to amend the pretrial stipulation to include the affirmative “defense of fraud per § 440.09(4), Fla. Stat.; § 440.105, Fla. Stat.; and § 440.09(a), Fla. Stat.” based on “discovery received after the filing of the pretrial stipulation.” When Case Engineering, Inc., and The Claims Center raised the defense based on sections 440.09 and 440.105, they placed coverage of the accident and resulting injuries — and thus compensability — at issue. If the opposing parties had succeeded in convincing the judge of compensation claims that Mr. Carrillo’s testimony did rise “to the level of fraud,” his entitlement to continued palliative medical treatment at the employer’s expense would have been extinguished in the present proceeding. The medical benefits were not being paid in “a different workers’ compensation case.” Paulson v. Dixie County Emergency Med. Servs., 936 So.2d 1109, 1111 (Fla. 1st DCA 2006).
The fact that the judge of compensation claims even addressed the fraud defense, after finding proof of the claim inadequate, attests to the independent significance a finding of fraud or misrepresentation would have had; and to the fact that the claimant’s successfully resisting the defense protected his right to ongoing medical benefits. Defeating an affirmative defense alleging that an employee has knowingly or intentionally committed a disentitling act may, as here, preserve the right to receive workers’ compensation benefits. See Chandler, 15 So.3d at 839 (Thomas, J., concurring) (“In my view, where a claimant properly preserves the issue and successfully defends against a misrepresentation allegation, and all other requisite factors are present, the claimant would be entitled to payment of an appropriate fee.”). Setting up the fraud defense under sections 440.09 and 440.105 put com-pensability at issue — and did so at a time that the claimant was actually receiving palliative medical treatment not otherwise at issue.
Accordingly, the award of costs to Case Engineering, Inc., and The Claims Center, along with the denial of attorney’s fees for preserving entitlement to ongoing medical benefits are reversed, and the case is remanded for further proceedings consistent with this opinion.
PADOVANO and CLARK, JJ., concur.