CONNER, J.
Iliana Alvarez (“Alvarez”) appeals the final judgment for damages entered against her, contending a violation of her constitutional right to due process. We affirm the final judgment.[1]
Alvarez personally guaranteed a loan to a business. The loan was not paid. Alvarez was sued as a guarantor by the lender’s assignee, De Lage Landen Financial Services, Inc. (“De Lage”), the appellee.
At a pretrial conference conducted on May 19, 2010, a settlement agreement was announced on the record. Alvarez was not present at the pretrial conference, but her attorney was. The settlement agreement committed Alvarez to a payment plan to avoid judgment being entered against her. It was also agreed that judgment could be entered against Alvarez without a hearing and based on an affidavit if there was a default in payment as agreed. The settlement agreement was not reduced to writing and signed by the parties.
The same day and prior to the pretrial conference, Alvarez’s attorney had filed a *416 motion to withdraw from representing Alvarez, citing irreconcilable differences. During the pretrial conference, Alvarez’s attorney advised the trial judge that his client had asked him to withdraw. He also advised the trial court that although Alvarez agreed in concept to the proposed settlement agreement, she did not know all the exact terms. He explained she advised him the day before the pretrial conference that she did not want to proceed with the settlement agreement until she knew more. At the conclusion of the pretrial conference, the court concluded the case was settled.
An order was entered on May 25, 2010, approving the settlement agreement. Attached to the order was a transcript of the pretrial conference where the terms of the settlement agreement were stated on the record. The order, approving the settlement agreement, stated: “[this] cause is hereby dismissed with prejudice subject to the Court retaining jurisdiction of the parties and this cause in order to enforce the settlement terms as set forth in the transcript thereof attached hereto as Exhibit A.”
On June 1, 2010, Alvarez filed a pro se affidavit and motion seeking to disqualify the trial judge. The next day, an order was entered, allowing her attorney to withdraw. Alvarez did not pay the first payment due under the settlement agreement. On June 22, 2010, De Lage filed a motion for the entry of a judgment after default in payment. On August 9, 2010, Alvarez’s new attorney filed a motion to set aside the order approving the settlement agreement[2] and a motion for summary judgment. On August 18, 2010, the trial court entered the final judgment upon default. No motion for rehearing or reconsideration was filed after the final judgment. Instead this appeal was filed.
On appeal, Alvarez asserts the final judgment after default on the settlement agreement should be reversed because the order approving the settlement agreement violated her constitutional right to due process. More specifically, she argues that the trial court should never have approved the settlement agreement because the assertions of her attorney at the pretrial conference made it clear she had not agreed to all the terms of the settlement. Her contention is that the finding by the trial court that she approved the settlement agreement constitutes a violation of due process because there was no meeting of the minds.
The problem with this argument is that Alvarez’s appeal is based on an issue raised in her motion to set aside the order approving the settlement agreement. Alvarez never called up this motion for a hearing before the trial judge. She also did not move for rehearing as to the final judgment raising the issue of the propriety of the order approving the settlement agreement. Even if we were to treat the motion to set aside the order approving the settlement agreement as a Rule 1.540(b) motion, this issue was not preserved for appellate review since an appeal was filed before the motion was heard. Hamilton v. R.L. Best Int’l, 996 So.2d 233, 235 (Fla. 1st DCA 2008) (“The preservation of error requirement is not ordinarily completed until the aggrieved party has obtained a ruling on the motion or objection made in the lower tribunal.”).

Affirmed.

CIKLIN and GERBER, JJ., concur.

. We note that the record on appeal includes an Order on Plaintiff’s Motion For Final Default Judgment Against Defendant, Iliana Alvarez, Pursuant to Breach of Payment Stipulation entered after the notice of appeal. The order states:
The court does not find it equitable to enforce the aforementioned default terms against defendant Alvarez, when the record before the court demonstrates that she never agreed to them. Accordingly, it is ORDERED AND ADJUDGED that the motion for default final judgment is DENIED.
The record does not reveal why this order was entered. The trial court did not have jurisdiction to enter an order after the notice of appeal was filed. State v. Meneses, 392 So.2d 905, 907 (Fla. 1981).

. The motion to vacate the order approving the settlement agreement does not state it is pursuant to Florida Rule of Civil Procedure 1.540(b).