IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

THOMAS J. SILVERNAIL,

      Appellant,

v.

CITY OF TAMPA/
COMMERCIAL RISK
MANAGEMENT,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-6203

_____/

Opinion filed October 27, 2014.

An appeal from an order of the Judge of Compensation Claims.
Ellen H. Lorenzen, Judge.

Date of Accident: March 6, 1999.

Kelli Biferie Hastings of the Law Office of Kelli Biferie Hastings, PLLC, Orlando,
and Christopher Mank of Morrell & Mank, P.A., Lakeland, for Appellant.

L. Gray Sanders, Tampa, for Appellee.

PER CURIAM.

      "For an issue to be preserved for appeal, it must be presented to the lower

court and the specific legal argument or ground to be argued on appeal must be part

of that presentation." <u>Holland v. Cheney Bros., Inc.</u>, 22 So. 3d 648, 649-50 (Fla. 1st DCA 2009). Here, the estoppel argument raised by the claimant on appeal was not presented to the Judge of Compensation Claims (JCC) in any meaningful way, shape or form until an untimely motion for "reconsideration."[*] This was insufficient to preserve the issue for our review, and on that basis, we affirm the order denying the compensability of the claimant's bradycardia condition and the payment of medical bills related to that condition.

    AFFIRMED.

WOLF, THOMAS, and WETHERELL, JJ., CONCUR.

---

[*] The motion – which the JCC properly treated as a motion for rehearing under Florida Administrative Code Rule 60Q-6.122(1) rather than a motion to vacate the final order under rule 60Q-6.122(5) – was filed 11 days late because it was received by the Office of the Judges of Compensation Claims at 6:13 p.m. on the 20th day after the final order was issued. <u>See</u> Fla. Admin. Code R. 60Q-6.108(1)(e) (explaining that documents received after 5:00 p.m. will be deemed filed at 8:00 a.m. on the next business day); Fla. Admin. Code R. 60Q-6.122(1) (requiring motions for rehearing to be filed within 10 days from the date of the order sought to be reviewed). Moreover, the motion only presented a portion of the argument raised by the claimant on appeal. The motion asserted that the employer/carrier (E/C) is estopped from denying payment of the bills for two hospital visits related to the bradycardia condition based upon its payment of bills from one other hospital visit related to that condition; however, the motion did not argue – as does the initial brief – that the E/C is estopped from denying compensability based upon the "120-day rule" in section 440.20(4), Florida Statutes.